[Civ. No. 51052. Second Dist., Div. Three. Dec. 27, 1977.]

SANTA BARBARA FEDERATION OF TEACHERS, LOCAL 1081, AFL-CIO et al., Plaintiffs and Appellants, v.
SANTA BARBARA HIGH SCHOOL DISTRICT et al.,
Defendants and Respondents.

SANTA BARBARA FEDERATION OF TEACHERS, LOCAL 1081, AFL-CIO et al., Plaintiffs and Appellants, v.
SANTA BARBARA SCHOOL DISTRICT et al.,
Defendants and Respondents.

224

## COUNSEL

Levy, Koszdin, Goldschmid & Sroloff and Henry R. Fenton for Plaintiffs and Appellants.

George P. Kading, County Counsel, and Don H. Vickers, Deputy County Counsel, for Defendants and Respondents.

## OPINION

IBÁÑEZ, J.*—In this appeal, two cases involving substantially identical facts and issues of law have been consolidated for consideration by this court. The appeal in both cases is from a judgment denying a petition for writ of mandate sought by the nominal appellant, Santa Barbara Federation of Teachers, Local 1081, on behalf of several individual petitioners (hereinafter petitioners) who are employees of the Santa Barbara School District in one case, and of the Santa Barbara High School District in the second case. Both school districts are governed by the same board of education (see *Santa Barbara School District* v. *Superior Court* (1975) 13 Cal.3d 315, 339-347 [118 Cal.Rptr. 637, 530 P.2d 605]) and will be referred to hereinafter collectively as respondent.

Petitioners sought to compel respondent to grant them probationary status on the basis of their cumulative years of employment, allowing them to attain permanent status by tacking on their additional years of employment since the date of the petition. The issue on appeal is whether respondent's classification of the petitioners as temporary employees for the school years 1974-1975, 1975-1976 and 1976-1977 was proper.

*Assigned by the Chairperson of the Judicial Council.

## FACTS

The cases were submitted to the trial court upon the following stipulated facts:

Each of the individual petitioners (Lynn Milligen and Elliot Tucker in the high school district case; Gail Fenelon in the school district case)[1] was employed by respondent as a temporary teacher for at least 75 percent of the days that schools were in session by a series of yearly contracts for the school years 1974-1975, 1975-1976, and 1976-1977.[2] Petitioners have been informed at all times of their status as temporary teachers and were aware of that status when they accepted each of the yearly employment contracts. Each of the petitioners, however, has received the same salary and benefits as would be earned by a teacher with probationary or permanent status.

There is nothing in the record to indicate that any of the petitioners was employed to replace a specific certificated teacher on leave of absence. At all times, however, the number of temporary teachers in both districts has either equalled or been less than the number of probationary and permanent teachers missing from service on leaves of absence.

It additionally appears that probationary or permanent teachers on leave could have been assigned to teach the various classes taught by petitioners had they not been away, or, at least in one case, that a teacher on leave could have been assigned to teach the class of a certificated employee who could then have been reassigned to teach an industrial arts class taught by one of the petitioners.

## DISCUSSION

■ Although the contracts of employment accepted by petitioners purported to fix their status as that of temporary teachers, they are not estopped to claim probationary status if the statutory scheme of the Education Code compels the latter classification under the particular

---

[1]Although not part of the record, respondent has indicated that another petitioner in the school district case, Carol Segesman, has been granted permanent status, and thus this appeal is now moot as to her.

[2]It appears that all three petitioners have been reemployed as temporary teachers for the 1977-1978 school year.

facts of each petitioner's employment situation.[3] (See § 13338.1; *Campbell* v. *Graham-Armstrong* (1973) 9 Cal.3d 482, 486-487 [107 Cal.Rptr. 777, 509 P.2d 689]; *Paulus* v. *Board of Trustees* (1976) 64 Cal.App.3d 59, 61 [134 Cal.Rptr. 220].) The statutory mandate must be clear, however, before the terms of the contracts may be abrogated. (*Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist.* (1974) 37 Cal.App.3d 35, 38 [112 Cal.Rptr. 27]; see also *Matthews* v. *Board of Education* (1962) 198 Cal.App.2d 748, 752 [18 Cal.Rptr. 101].)

The statutory classification system applicable in the present case is both complex and obscure; several sections of the code appear to conflict with each other. At the core of the classification scheme is a division of teachers into four basic categories: permanent, probationary, substitute, and temporary. "The essence of the statutory classification system is that continuity of service restricts the power to terminate employment which the institution's governing body would normally possess. Thus, the Legislature has prevented the arbitrary dismissal of employees with positions of a settled and continuing nature, i.e., permanent and probationary teachers, by requiring notice and hearing before termination. [Citations.] Substitute and temporary teachers, on the other hand, fill the short range needs of a school district, and may be summarily released absent an infringement of constitutional or contractual rights. [Citations.] Because the substitute and temporary classifications are not guaranteed procedural due process by statute, they are narrowly defined by the Legislature, and should be strictly interpreted." (*Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d 821, 826, fn. omitted.)

*Petitioners Were Properly Classified As
Temporary Teachers Pursuant to Section 13337.3*

During the relevant years of petitioners' employment, section 13337.3 provided in pertinent part for the employment of temporary teachers as follows: "Notwithstanding the provisions of Sections 13336 and 13337, the governing board of a school district may employ as a teacher, for a complete school year but not less than one semester during a school year, any person holding appropriate certification documents,

---

[3]Petitioners' status is governed by the statutes in effect at the time of hiring. (*Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 830 [114 Cal.Rptr. 589, 523 P.2d 629].) Therefore, all code section references hereinafter are to the Education Code as it existed during the relevant periods of petitioners' employment. The Education Code has since been reorganized pursuant to Statutes of 1976, chapter 1010, as amended by Statutes 1976, chapter 1011, operative April 30, 1977.

and may classify such person as a temporary employee. *The employment of such persons shall be based upon the need for additional certificated employees during a particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.*" (Italics added.)

The dispute between the parties centers on the italicized portion of the above-quoted language. The petitioners contend that the statute allows temporary status only when a teacher replaces a *specific* employee on leave, i.e., the temporary teacher must teach the classes that a particular teacher on leave would have taught. Since respondent failed to establish that petitioners were replacing any particular probationary or permanent employees on leave, petitioners conclude that their initial classification as temporary teachers under section 13337.3 was improper and that they should therefore have been classified as probationary teachers under section 13334.[4]

Respondent, on the other hand, disputes petitioners' contention that section 13337.3 contemplates replacement on a one-to-one basis, and contends that the statute requires only that the total number of temporary teachers not exceed the *aggregate* of probationary and permanent teachers on leave at any one time. In light of the fact that the number of temporary teachers in both districts has at all relevant times been equal to or less than the number of probationary and permanent employees on leave, respondent maintains that its classification of petitioners as temporary teachers was proper.

Courts must construe statutes so as to effectuate the intent of the Legislature. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 256 [104 Cal.Rptr. 761, 502 P.2d 1049].) That intent must initially be sought in the language of the statute. (*Moyer* v. *Workmen's Comp. Appeals Bd., supra*, at p. 230; *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227, 231 [137 Cal.Rptr. 146].) But here the words of section 13337.3 are ambiguous and fairly susceptible to both of the constructions suggested by the parties.

---

[4]Section 13334 stated as follows: "Governing boards of school districts shall classify as probationary employees, those persons employed in positions requiring certification qualifications for the school year, who have not been classified as permanent employees or as substitute employees."

We have neither been directed to, nor have we found, any reports of the Legislature which would provide a clue to the legislative intent behind section 13337.3. We must therefore look for the intent of the Legislature in the general policies and purposes of the teacher classification system, mindful of the consequences which will flow from any particular interpretation of the statute. (*Vittal* v. *Long Beach Unified Sch. Dist.* (1970) 8 Cal.App.3d 112, 120 [87 Cal.Rptr. 319].)

█ It has been said that the purpose of the tenure law is to give employment security to teachers while protecting the community from ineffective teachers. (*Curtis* v. *San Mateo Junior College Dist.* (1972) 28 Cal.App.3d 161, 165 [103 Cal.Rptr. 33].) The courts will not allow a school district to avoid the purposes of the tenure law by use of a subterfuge. (*Mitchell* v. *Board of Trustees* (1935) 5 Cal.App.2d 64, 68 [42 P.2d 397]; *Sherman* v. *Board of Trustees* (1935) 9 Cal.App.2d 262, 265-266 [49 P.2d 350]; 43 Cal.Jur.2d (rev.) Schools, § 458, p. 842.) Thus, administrative practices designed to circumvent valid expectations of reemployment created by the tenure statutes will not be permitted. (See *Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d 821, 830-831.)

█ The potential for abuse inherent in respondent's construction of section 13337.3 is obvious. In any school district, other than the very smallest, there will always be some fairly fixed percentage of probationary and permanent teachers on leave at any one time. Respondent's interpretation of the statute would allow school districts to indefinitely maintain a work force of "temporary" teachers up to that fixed percentage, barring the application of some other provision which would limit the number of years that a teacher could serve in a temporary capacity. In other words, a school district with a 5 percent rate of certificated teachers on leave could continually classify 5 percent of its teachers as "temporary," thereby depriving them of the opportunity of ever attaining permanent status. (Cf. *Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist., supra,* 37 Cal.App.3d 35, 44-45, Fleming, J., dis.)

On the other hand, the value of a school district's ability to adequately replace teachers on leave without adding to its permanent staff has been recognized by the courts. In *Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist., supra,* 37 Cal.App.3d 35, 41, the court stated: "Substitute teachers play a definite and beneficial role in school administration, but they exist as an aid to the school administra-

tion in preserving necessary flexibility in teacher assignments and make it possible for tenured teachers to avail themselves of sick and other beneficial types of leaves of absence, since, by law, permanent teachers who are absent from service for any of the varying legally permissible reasons, have the right to return to their positions. When this occurs, the inability of the school administration to terminate teachers who substituted during the absence could result in overstaffing. The result would be, especially in smaller school districts, that the administration would in order to avoid overstaffing resort to the use of day-to-day or short-term substitutes to the detriment of the educational process."

In addition, what little authority there is supports respondent's argument. In the *Centinela Valley* case, *supra,* the court was faced with the interpretation of a slightly different statute, the 1963 version of section 13336.5, which provided in pertinent part: "Any employee classified as a substitute employee, who teaches during one school year . . . any class or classes *which would have been taught by one person absent from service,* shall be deemed to have been a probationary employee during the entire school year in which he so teaches. . . ." (Italics added.) The appellant had been hired to replace *two* permanent teachers on leave, one during each semester, but had actually taught year-long classes which would have been taught by one of the teachers on leave. In claiming probationary status, the appellant argued that the controlling factor should be the actual teaching assignments and not how the school district administratively accounted for its permanent and substitute teachers. The appellate court rejected this argument in light of the well recognized prerogative of the school administrator to make class teaching assignments in the best interests of the students. (37 Cal.App.3d 35, 39-40.) The court noted: "The administrative decision to have petitioner continue with the same classes rather than shift her to another assignment after one semester and then introduce a different teacher to complete the second half of year-long courses was calculated to benefit the students in those courses. The district should not be penalized for that decision." (37 Cal.App.3d at p. 40.)

In *Paulus* v. *Board of Trustees, supra,* 64 Cal.App.3d 59, the case most nearly on point, the appellant contended that she should have been granted probationary status since she had been hired to take the place of a deceased permanent teacher. The respondent school board claimed that the appellant had actually been hired to replace other teachers who were on leave, and argued that appellant had therefore been properly

classified as a temporary teacher under section 13337.3. The appellate court upheld the school board's position after noting that there were 24.85 full-time equivalent permanent or probationary teachers on leave in the district and only 17.7 full-time equivalent temporary teachers employed to replace them. (64 Cal.App.3d at p. 62.) The court then said: " '[T]he assignment of teachers to classes for which a teacher is certificated is entirely within the discretion of the governing board of the school district and by his assignment a teacher does not acquire tenure in a particular class or room.' [Citations.] *Nothing in section 13337.3 indicates an intention to restrict this 'free hand in classifying newly hired teachers'* [citation] *by requiring that a temporary teacher be assigned to the classroom of a particular permanent or probationary teacher whose absence (due to leave or illness) has necessitated the hiring of the temporary teacher.*" (64 Cal.App.3d at p. 63; italics added.)

The recent case of *Coffey* v. *Governing Board* (1977) 66 Cal.App.3d 279 [135 Cal.Rptr. 881], cited by the petitioners, is inapposite to the present case. In that case, Coffey had been hired by the college district to take the place of a specific regular instructor on leave of absence. The issue presented to the court was whether the regular instructor was actually on leave since he was involved in an internship program through which he continued to do work for the college district. The court held that Coffey had failed to carry her burden of proving that the district had abused its discretion by hiring her as a substitute teacher in order to circumvent the tenure law. (66 Cal.App.3d at pp. 286-290.) In the case at bench, petitioners were not taking the place of any particular employees on leave, and there was no contention that the unspecified employees were improperly classified as being away on leaves of absence.

In light of the above, and mindful of the possibility of misuse in application, we do not believe that section 13337.3 requires that a temporary teacher replace a particular employee on leave, as is contended by petitioners. Section 13337.3 should be viewed as the Legislature's attempt to provide some stability for both pupils and teachers in the face of teacher shortages created by probationary and permanent employees on leaves of absence. By allowing school districts to replace such employees on a year-long basis, the Legislature has created in section 13337.3 a device which insures continuity of instruction while avoiding the problems of overstaffing. Without this device, as noted above, school districts would resort to filling temporary vacancies on a day-to-day basis with various substitute teachers; such practice

would be harmful to both the students and their substitute teachers. (*Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist., supra,* 37 Cal.App.3d 35, 41.) Respondent's interpretation of section 13337.3 appears to be more in line with these broad purposes by requiring only that the number of temporary teachers not exceed the total number of probationary and permanent employees on leave at any one time.

In this regard, it should be noted that the court in *Paulus, supra,* recognized that such "mathematical maneuvering" may require the assumption that school teachers are "fungibles," and "that any vacant position can be filled by any credentialed employee." (64 Cal.App.3d 59 at p. 63.) The court in that case, however, found no need to address the issue since it had not been shown that all of the teachers on leave were unqualified to teach the classes formerly taught by the deceased teacher whom the appellant had replaced. (64 Cal.App.3d at p. 63.)

In the instant case, there is no question that petitioners Milligen and Fenelon were properly classified as temporary teachers pursuant to the above interpretation of section 13337.3 since it was stipulated by the parties that all of the various classes taught by them could have been conducted by probationary or permanent employees had they not been away on leaves of absence. It appears, however, that during the 1974-1975 school year there was no teacher on leave who was qualified to teach an industrial arts class which petitioner Tucker was assigned to that year. Whether Tucker was actually a replacement for teachers on leave during the 1974-1975 school year is thus debatable.

The stipulated facts also reveal, however, that through careful hiring and reassignment respondent could have produced a situation which did not pose the problems inherent in petitioner Tucker's employment as an industrial arts instructor during the 1974-1975 school year. Although no one on leave during that school year was qualified to teach industrial arts, the facts indicate that Mr. Grant, a mathematics teacher not on leave, could have been reassigned to teach industrial arts, and his classes could have been taught by a mathematics teacher on leave, Janice Gute, had she not been away. In other words, instead of hiring petitioner Tucker, respondent could have reassigned a math teacher to teach industrial arts and hired a different temporary teacher to fill the resultant math instructor vacancy created by the fact that another math teacher was away on leave of absence; in both instances the need for an

additional teacher would stem from the fact that a math teacher was on leave.

Respondent contends that it should not be forced to reassign a teacher from mathematics to industrial arts so as to be able to classify the replacement teacher as temporary. We agree. To require respondent to shuffle its "line-up" in order to take advantage of the temporary replacement provisions of section 13337.3 would run contrary to the traditionally recognized authority of school districts to freely assign and transfer teachers according to the best interests of the educational process. (See *Matthews* v. *Board of Education, supra,* 198 Cal.App.2d 748, 754; cf. 7 Ops.Cal.Atty.Gen. 200 (1946), construing different statutory language.) In interpreting legislation dealing with our educational systems, it must be remembered that the fundamental purpose of such legislation is the welfare of the children. (*Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist., supra,* 37 Cal.App.3d 35, 42; *Knickerbocker* v. *Redlands High Sch. Dist.* (1942) 49 Cal.App.2d 722, 727 [122 P.2d 289].)

Petitioners have thus failed to show that they were improperly classified as temporary teachers under section 13337.3.

*Petitioners' Employment For*
*Two Consecutive Years Did Not*
*Compel Their Classification As*
*Probationary Teachers*

At the time of the relevant years of employment, section 13336 provided in pertinent part: "Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for the purposes of acquiring permanent status." During the same period, section 13337.3, which has been previously discussed, contained the identical language.[5]

[5]Prior to January 1, 1976, the full text of section 13337.3 read as follows:
"Notwithstanding the provisions of Sections 13336 and 13337, the governing board of a school district may employ as a teacher, for a complete school year but not less than one semester during a school year, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees during a

Petitioners maintain that the quoted language compels their classification as probationary teachers since each of them has been employed as a temporary teacher for one school year and then reemployed for an additional school year.

At first glance, petitioners' argument is very persuasive. However, when possible, sections of the Education Code bearing on the same subject must be read and construed together. (*Certificated Employees Council* v. *Monterey Peninsula Unified Sch. Dist.* (1974) 42 Cal.App.3d 328, 333 [116 Cal.Rptr. 819]; see *County of Placer* v. *Aetna Cas. etc., Co.* (1958) 50 Cal.2d 182, 188-189 [323 P.2d 753].) As amended in July of 1973, which is prior to petitioners' first employment by respondent, section 13336.5 provided that advancement upon reemployment to probationary status following a year as a temporary teacher would only be compulsory if the teacher was rehired to fill a "vacant position." A position is "vacant" within the meaning of section 13336.5 if the rehired employee is qualified to serve in it and the position is not being filled by a permanent or probationary employee; the definition excludes a position which would be filled by a permanent or probationary employee but for the fact that such employee is on leave. Section 13336.5 went on to provide for the reemployment of temporary teachers in the same capacity for the following school year when there are no "vacant positions" open.[6] The provisions of section 13336.5, as amended in 1973, were thus patently inconsistent with the language of sections .13336 and 13337.3 which mandated probationary status for a temporary teacher who is rehired for a second year.

---

particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status."

[6]As amended in 1973, the pertinent portions of section 13336.5 read as follows:

"Any employee classified as a substitute or temporary employee, who serves during one school year for at least 75 percent of the number of days the regular schools of the district were maintained in such school year and has performed the duties normally required of a certificated employee of the school district, shall be deemed to have served a complete school year as a probationary employee if employed as a probationary employee for the following school year.

"Any such employee shall be reemployed for the following school year to fill any vacant positions in the school district for which the employee is certified.

"For purposes of this section 'vacant position' means a position in which the employee

A court must reconcile statutes, whenever possible, and seek to avoid interpretations which would require it to elevate one statute over another. (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 6-7 [128 Cal.Rptr. 673, 547 P.2d 449]; *Organization of Deputy Sheriffs* v. *County of San Mateo* (1975) 48 Cal.App.3d 331, 340 [122 Cal.Rptr. 210].) But when the provisions of one statute are in irreconcilable conflict with those of another, as in the present case, the later enactment, by implication, will be deemed to have repealed any contrary provisions contained in the earlier. (*Adams* v. *Superior Court* (1970) 8 Cal.App.3d 569, 572 [87 Cal.Rptr. 667]; *Cannon* v. *American Hydrocarbon Corp.* (1970) 4 Cal.App.3d 639, 648 [84 Cal.Rptr. 575].) Here, the language in sections 13336 and 13337.3 compelling automatic probationary status for a rehired temporary teacher was added by chapters 843 and 57 respectively of the Statutes of 1971; the conflicting language of section 13336.5, which permitted the reemployment of a temporary teacher without elevation of status, was added as an amendment by chapter 279 of the Statutes of 1973. Under the above-described rule, the later enactment of the language in section 13336.5 will be deemed to have abrogated any contrary language in sections 13336 and 13337.3.

This conclusion finds support in the fact that the Legislature subsequently amended section 13337.3 (Stats. 1975, ch. 885, § 1) so as to conform fully with the provisions of section 13336.5.[7] Although the

---

is qualified to serve and which is not filled by a permanent or probationary employee. It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave.

"Any employee classified as a substitute or temporary employee who has rendered the service required to qualify under this section but who has not been reemployed due to a lack of a vacant position shall be reemployed as a substitute or temporary employee for the following school year."

Section 13336.5 was again amended (Stats. 1975, ch. 274, § 1), effective July 14, 1975, but the amendment in no way affected the language which is pertinent to this appeal.

[7]Effective January 1, 1976, section 13337.3 read as follows:

"Notwithstanding the provisions of Sections 13336 and 13337, the governing board of a school district may employ as a teacher, for a complete school year, but not less than one semester during a school year unless the date of rendering first paid service begins during the second semester and prior to March 15th, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees during a particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a *vacant* position requiring certification

amendment could not have retroactively changed petitioners' classification (*Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d 821, 828), it may be considered to have merely clarified the pre-existing law embodied in the conflicting provisions of the statutes discussed above.[8] (*Steilberg* v. *Lackner* (1977) 69 Cal.App.3d 780, 787 [138 Cal.Rptr. 378]; *Vittal* v. *Long Beach Unified Sch. Dist., supra,* 8 Cal.App.3d 112, 121.)

Petitioners are thus not automatically entitled to probationary status by virtue of the fact that they have each been reemployed following a year as a temporary teacher.

*Petitioners Are Not Entitled To*
*Probationary Status On The Basis*
*Of Their Total Length of Service*

Petitioners contend that even if they were properly classified as temporary teachers for two years, the classification ceased to be proper in the third year of their employment. Their conclusion is based on the fact that section 13336.5 (fn. 6 above) addressed itself only to the year of employment "following" an initial year of classification as a temporary employee. This, according to petitioners, mandated their classification as probationary teachers for the 1976-1977 school year since they had already served in a temporary capacity during the 1974-1975 and 1975-1976 school years.

A more reasonable interpretation of section 13336.5, however, is that its reference to the "following school year" is not restricted to the second year of employment as a temporary teacher, but applies to any year of employment following a year of service in a temporary capacity. This

---

qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status.

"*For purposes of this section 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a permanent or probationary employee. It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave.*" (Italics added.)

[8]The Legislative Council's Digest to chapter 885 of the 1975 Statutes, which seeks to explain the amendment to section 13337.3, is cited by petitioners as demonstrating that the amendment was a change in the law, and not merely a clarification. (See Summary Dig. (1975) pp. 224-225.) The explanation given by the Legislative Council, however, is apparently concerned only with the change in language of section 13337.3 since it completely ignores the impact of section 13336.5.

interpretation is supported by the fact that a closely analogous statute concerning the employment of temporary instructors in community colleges, section 13337.5 of the prereorganized code, contained language explicitly limiting the number of semesters or quarters an employee could serve in a temporary capacity to two within any period of three consecutive years.[9] (See *Balen v. Peralta Junior College Dist., supra,* 11 Cal.3d 821, 828-829; *Coffey v. Governing Board, supra,* 66 Cal.App.3d 279, 291-293; *Ferner v. Harris* (1975) 45 Cal.App.3d 363, 372 [119 Cal.Rptr. 385].) Thus, by the enactment of section 13337.5, the Legislature demonstrated that it can be precise when it wants to place a limitation on the length of time an employee may be classified as a temporary teacher. Section 13336.5, which contained no such explicit limitation, should therefore not be restricted to two years' application.

■ Petitioners additionally assert that they should be granted probationary status even without regard to the statutory classification system since their three years of employment in the instant school districts has created valid expectations of reemployment. They contend that their several years of employment have afforded respondent ample time to evaluate their performance, and argue that their classification as temporary teachers in an unlawful evasion of the tenure law since they have performed the same services with the same degree of training and experience as teachers with probationary status.

If allowed to prevail, petitioners' argument would destroy the distinction made by the Education Code between permanent and probationary teachers on the one hand, and temporary and substitute teachers on the other; without this distinction, any teacher who taught in any capacity

---

[9]Section 13337.5 provided in pertinent part:

"Notwithstanding the provisions of Section 13337, the governing board of a school district maintaining a community college may employ as a teacher in grade 13 or grade 14, for a complete school year but not less than a complete semester or quarter during a school year, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees for grades 13 and 14 during a particular semester or quarter because of the higher enrollment of students in those grades during that semester or quarter as compared to the other semester or quarter in the academic year, or because a certificated employee has been granted leave for a semester, quarter, or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Such employment may be pursuant to contract fixing a salary for the entire semester or quarter.

"No person shall be so employed by any one district for more than two semesters ·or quarters within any period of three consecutive years."

could earn tenure simply on the basis of consecutive years of service. But mere continuity of employment by a temporary or substitute teacher in a position regularly held by a probationary or permanent teacher does not, by itself, give rise to tenured status. (*Ham* v. *Los Angeles City High Sch. Dist.* (1946) 74 Cal.App.2d 773 [169 P.2d 646].)

Petitioners rely principally on *Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d 821. Balen was hired as a part-time community college instructor for four and one-half years. At the time of Balen's initial employment, there was no provision in law which permitted his classification as a temporary employee. But during the course of his employment, the Legislature enacted section 13337.5 (fn. 9, *supra*), which authorized the employment of community college instructors on a temporary basis. The California Supreme Court, however, concluded that Balen had already become a probationary employee under other sections of the Education Code, and held that section 13337.5 was not intended by the Legislature to apply retroactively so as to deprive him of that previously earned status. (11 Cal.3d at pp. 827-829.) Nothing in *Balen* indicates that a properly classified temporary teacher must be given probationary status merely because of continued service over several years. Thus, although petitioners may have a desire to be classified as probationary teachers, they have no legally based expectations of such reclassification.

Finally, it might be noted in passing that section 13446, cited by petitioners, is not pertinent to the case at bench. That section stated that a temporary employee who is not dismissed during the first three school months, or four in the case of a migratory school, shall be granted either probationary or permanent status.[10] It is apparent from a complete examination of the Education Code, however, that the type of temporary employee referred to in section 13446 is the special type of "short-term" replacement described in section 13337,[11] which is superseded by the

[10]Section 13446 stated in full: "Governing boards of school districts may dismiss temporary employees requiring certification qualifications at the pleasure of the board. A temporary employee who is not dismissed during the first three school months, or in the case of migratory schools during the first four school months of the school term for which he was employed and who has not been classified as a permanent employee shall be deemed to have been classified as a probationary employee from the time his services as a temporary employee commenced."

[11]Section 13337 stated in pertinent part: "Governing boards of school districts shall classify as temporary employees those persons requiring certification qualifications, other than substitute employees, who are employed to serve from day to day during the first three school months of any school term to teach temporary classes not to exist after the

"notwithstanding" language at the beginning of section 13337.3 (fn. 5, *supra*) when the employee is hired, as in the present case, on a year-long basis.[12]

## CONCLUSION

We again recognize the potential for abuse inherent in the temporary teacher classification statutes as we have interpreted them, and are aware of the California Supreme Court's dictate that the temporary classification be strictly construed. (*Balen* v. *Peralta Junior College Dist., supra,* 11 Cal.3d 821, 826.) But when, as in the present case, the statutes plainly do not compel reclassification to a higher status, the terms of the contracts of employment must be deemed controlling. (*Paulus* v. *Board of Trustees, supra,* 64 Cal.App.3d 59, 64.)

The judgments are affirmed.

Potter, Acting P. J., and Allport, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 22, 1978.

---

first three school months of any school term or to perform any other duties which do not last longer than the first three school months of any school term, or to teach in special day and evening classes for adults or in schools of migratory population for not more than four school months of any school term. If the classes or duties continue beyond the first three school months of any school term or four school months for special day and evening classes for adults, or schools for migratory population, the certificated employee, unless a permanent employee, shall be classified as a probationary employee. The school year may be divided into not more than two school terms for the purposes of this section."

[12]A close reading of the *Balen* case, *supra,* reveals that it is not, as contended by petitioners, to the contrary. (11 Cal.3d 821, 827-829.)