[No. A131327. First Dist., Div. Four. May 1, 2012.]

DAWN McINTYRE, Plaintiff and Appellant, v.
SONOMA VALLEY UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

---

## COUNSEL

Law Offices of James D. Allen and James D. Allen for Plaintiff and Appellant.

Lozano Smith, Gregory A. Wedner and Dulcinea A. Grantham for Defendants and Respondents.

School & College Legal Services of California, Nancy L. Klein and Marko H. Fong for California School Boards Association as Amicus Curiae on behalf of Defendants and Respondents.

---

## OPINION

**RUVOLO, P. J.—**

### I.

### INTRODUCTION

Dawn McIntyre (McIntyre), a former employee of the Sonoma Valley Unified School District (the District), filed a petition for writ of mandate (Code Civ. Proc., § 1085) to compel the District to reinstate her as a permanent tenured teacher. The primary issue in this case is whether the District had a mandatory duty under the Education Code to classify McIntyre as a "probationary" employee rather than as a "temporary" employee. Whether McIntyre was properly classified as "temporary" instead of "probationary" is a matter of some consequence because a teacher's job classification "is important in determining a teacher's rights to reelection [(retention)] and promotion . . . and to determining the level of procedural protections to which a teacher is entitled should he or she be dismissed or nonreelected" for the next school year, as happened in McIntyre's case. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 921 [129 Cal.Rptr.2d 811,

62 P.3d 54] (*Kavanaugh*).) The trial court denied McIntyre's petition after ruling that the District had properly classified her during her three years of service. We affirm.[1]

## II.

## STATUTORY OVERVIEW AND FACTS

Before reciting McIntyre's employment history with the District, we briefly review California's "complex and somewhat rigid" legislative scheme for classifying public school teachers, with emphasis on the sections that have the most applicability to this case. (*Kavanaugh, supra*, 29 Cal.4th at p. 917.)[2] "The statutory classification scheme applies typically to employees occupying 'positions requiring certification qualifications.' . . ." (*Bakersfield Elementary Teachers Assn. v. Bakersfield City School Dist.* (2006) 145 Cal.App.4th 1260, 1277 [52 Cal.Rptr.3d 486] (*Bakersfield*).) In this case, McIntyre holds a multiple-subject teaching credential authorizing her to teach kindergarten through eighth grade. California's Education Code requires that certificated employees, like McIntyre, be classified in one of four ways: permanent, probationary, substitute, or temporary. (Ed. Code, § 44916;[3] *Kavanaugh, supra*, at p. 916; *Bakersfield, supra*, at p. 1278.)

■ A certificated employee is classified as permanent (tenured) if, after having been employed for two complete successive school years in a probationary position, he or she is reelected (retained) for the following year. (§ 44929.21, subd. (b).) Permanent employees receive the maximum amount of procedural protection. For example, a permanent employee may not be dismissed unless one or more statutorily enumerated grounds are shown and then only after being afforded an opportunity for a due process hearing. (§ 44932.)

■ The classification of "probationary" is the default classification. School districts must classify all teachers as probationary who are not otherwise required by the Education Code to be classified as permanent, temporary, or substitute. (§ 44915; *Bakersfield, supra*, 145 Cal.App.4th at

---

[1] We have given permission for the California School Boards Association to file an amicus curiae brief in support of the trial court's denial of McIntyre's writ of mandate. (Order, Oct. 25, 2011, Ruvolo, P. J.)

[2] The late Supreme Court Justice Stanley Mosk described the legislative scheme as "a crazy-quilt product of well-meaning legislative attempts to accommodate the divergent views of teachers, school boards, parents and the public. To one looking for the answer in many circumstances, the result is like trying to peer through opaque glass." (*Taylor v. Board of Trustees* (1984) 36 Cal.3d 500, 510 [204 Cal.Rptr. 711, 683 P.2d 710] (dis. opn. of Mosk, J.).)

[3] All subsequent undesignated statutory references are to the Education Code.

p. 1280.) Probationary teachers have some limited protections against dismissal. School districts may dismiss a probationary employee during the school year, but only for cause, or for unsatisfactory performance. (§ 44948.3.) However, a school district can terminate a probationary teacher's employment effective at the end of the teacher's yearly contract without any showing of cause, without any statement of reasons, and without any right of administrative redress. (*Kavanaugh, supra,* 29 Cal.4th at p. 917; *California Teachers Assn. v. Mendocino Unified School Dist.* (2001) 92 Cal.App.4th 522, 526–527 [111 Cal.Rptr.2d 879].)

■ Temporary teachers receive the least amount of job protection. The Education Code recognizes two general kinds of temporary employees— those who are employed to serve in short-term temporary assignments (see §§ 44919, 44921, 44986) and those who are employed for up to one year to replace certificated employees who are on leave or have a lengthy illness (see §§ 44920, 44918). The latter category is considered a "long-term replacement teacher" and is the job classification McIntyre was assigned for the vast majority of her employment with the District. (*Bakersfield, supra,* 145 Cal.App.4th at pp. 1282–1283.)[4]

■ " 'In the case of permanent and probationary employees, the employer's power to terminate employment is restricted by statute. Substitute and temporary employees, on the other hand, fill the short range needs of a school district and generally may be summarily released. [Citation.]' [Citation.]" (*Vasquez v. Happy Valley Union School Dist.* (2008) 159 Cal.App.4th 969, 974 [72 Cal.Rptr.3d 15] (*Vasquez*); see *Kavanaugh, supra,* 29 Cal.4th at pp. 917–918.) No statement of reasons or hearing is required to release or nonreelect a temporary teacher if notice is given pursuant to section 44954; all that is required is the school district's issuance of the statutory notice to the employee. (*Vasquez, supra,* 159 Cal.App.4th at p. 975.) "Because the substitute and temporary classifications are not guaranteed procedural due process by statute, they are narrowly defined by the Legislature, and should be strictly interpreted." (*Balen v. Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 826 [114 Cal.Rptr. 589, 523 P.2d 629]; see *California Teachers Assn. v. Vallejo City Unified School Dist.* (2007) 149 Cal.App.4th 135, 146–147 [56 Cal.Rptr.3d 712].)

■ Section 44916 requires school districts to classify their employees into one of these four classifications at the time of employment. The district must give each new employee a written statement indicating the employee's classification no later than the first day of paid service. If the district hires a

---

[4] A teacher may also be classified as temporary where the teacher is working on so-called categorically funded projects. (§ 44909.) As this classification has no pertinence to this case, we omit any discussion of the law relevant to this classification.

teacher as a temporary employee, the statement must clearly indicate the temporary nature of the employment and the length of the employment term. If the statement does not indicate the temporary nature of the employment, or if the statement is untimely, the employee is deemed to be a probationary employee as a matter of law. (See *Kavanaugh, supra,* 29 Cal.4th at p. 926 [Cal. Supreme Court enforced § 44916 by requiring school district to reclassify a temporary teacher as probationary because it had failed to notify the teacher of her temporary classification at the commencement of her employment].)

We now turn to McIntyre's employment history with the District.

*2006–2007 School Year*

On or about August 16, 2006, McIntyre was notified she would be employed by the District for the 2006–2007 school year, specifically from August 21, 2006, to June 8, 2007. She was given a written "Notice of Terms of Employment" classifying her as a long-term temporary employee under section 44920 "based on the need for additional certificated employees because of leave or illness of another employee." McIntyre was employed as a fifth grade teacher at Dunbar Elementary School. On or about March 15, 2007, McIntyre was notified pursuant to section 44954 that she would be nonreelected/released from continued temporary employment in the District.

*2007–2008 School Year*

On or about May 1, 2007, Barbara Young, the former superintendent of the District, notified McIntyre that the District had certificated employee positions available for the 2007–2008 school year, and that McIntyre would once again be offered employment with the District. She was once again given a written "Notice of Terms of Employment" classifying her as a long-term temporary employee under section 44920 "based on the need for additional certificated employees because of leave or illness of another employee." During the 2007–2008 school year, McIntyre was assigned to teach a third grade class at Dunbar Elementary School. On or about March 13, 2008, McIntyre was notified pursuant to section 44954 that she would be nonreelected/released from continued temporary employment in the District for the 2008–2009 school year.

*2008–2009 School Year*

On or about May 19, 2008, McIntyre was notified that the District had certificated employee positions available for the 2008–2009 school year. She was once again given a written "Notice of Terms of Employment" classifying

her as a long-term temporary employee under section 44920 "based on the need for additional certificated employees because of leave or illness of another employee." During the 2008–2009 school year, McIntyre was assigned to teach a combined second/third grade class at Dunbar Elementary School. On or about October 21, 2008, McIntyre was notified that the District's board of trustees approved changing her status from temporary employee to a second year probationary employee. In granting McIntyre second year probationary status, the District included or "tacked on" McIntyre's service as a temporary employee during the 2007–2008 school year.[5] Section 44929.21 directs governing boards of school districts to notify second year probationary employees of their decision to reelect or nonreelect them by March 15 of the employee's second complete consecutive school year of employment. If no notice is given, the employee is deemed reelected. On or about March 12, 2009, McIntyre was notified that the board had taken action pursuant to section 44929.21 to nonreelect/release her from continued employment in the District for the 2009–2010 school year. McIntyre's last day of employment in the District was June 5, 2009.

On July 27, 2010, McIntyre filed a petition for peremptory writ of mandate. In essence, McIntyre alleged that, but for the District's "failure and refusal" to provide her with the "proper employment classification," she "would have completed her probationary employment status on March 15, 2008 and would have earned the right to continued employment and other benefits as a tenured teacher." McIntyre sought reemployment with the District and "benefits and back wages which she would have earned but for [the District's] failure to honor her rights to proper classification in her employment."

After oral argument, the court issued an order on December 23, 2010, denying McIntyre's writ. After ruling on numerous evidentiary and timeliness issues, the court concluded that McIntyre did not attain permanent status because she was properly classified as a temporary employee for the 2006–2007 and 2007–2008 school years.[6] Consequently, the court found that McIntyre "has not met her evidentiary burden to establish that she is entitled

---

[5] There is no explanation in the documents before us why the District granted McIntyre *second* year probation status, and we choose not to speculate on the District's reasoning.

[6] Among other issues, the court ruled that McIntyre's claims for relief in connection with her employment in the District during the 2006–2007 school year were barred by the three-year limitations period set forth in Code of Civil Procedure section 338. While McIntyre does not directly challenge this ruling, she argues that the evidence in connection with her employment during the 2006–2007 school year should nevertheless be considered relevant and admissible to show the District's customary practice. (Evid. Code, § 1105.) We grant McIntyre's request to the extent it provides a factual foundation for the trial court's determination that McIntyre was properly classified by the District during all three years of her employment.

to reemployment by the District as a permanent certificated employee due to purported classification errors . . . ." This appeal followed.

## III.

## DISCUSSION

### A. *Standard of Review*

■ "Ordinary mandamus is an appropriate remedy when challenging a school district's assignment, classification, or discipline of a teacher. [Citations.]" (*Vasquez, supra*, 159 Cal.App.4th at p. 980; see Code Civ. Proc., § 1085.) In reviewing a trial court's judgment on a petition for writ of mandate, the appellate court is required to exercise independent judgment on legal issues. (*Kreeft v. City of Oakland* (1998) 68 Cal.App.4th 46, 53 [80 Cal.Rptr.2d 137].) This appeal turns on the interpretation and application of numerous sections of the Education Code governing employment classification for public school teachers. The interpretation and applicability of statutes is clearly a question of law. (*Sutco Construction Co. v. Modesto High School Dist.* (1989) 208 Cal.App.3d 1220, 1228 [256 Cal.Rptr. 671].) ■ Where the statute is clear, the "plain meaning" rule applies. (*Ibid.*) "The Legislature is presumed to have meant what it said, and the plain meaning of the language governs. [Citation.]" (*Ibid.*)[7]

To the extent that facts are disputed, they should be reviewed under the substantial evidence standard. (*Vasquez, supra*, 159 Cal.App.4th at p. 980.) "The substantial evidence standard for review has been described by our Supreme Court as . . . [¶] '. . . ". . . a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the findings below. [Citation.] We must therefore view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor . . . .' [Citation.]" (*SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 462 [17 Cal.Rptr.3d 96].)

### B. *The Number of Temporary Certificated Employees Did Not Exceed the Number of Employees on Leave*

McIntyre's first argument is that, in violation of section 44920, the District employed temporary employees in excess of the number of employees on

---

[7] Because the statutes governing the resolution of this appeal are unambiguous on their face, we need not resort to legislative history to construe them. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) Consequently, we deny McIntyre's June 16, 2011 request that we take judicial notice of documents purporting to show the legislative history of section 44918, subdivision (b), and section 44954, subdivision (b). (See, e.g., *Souza v. Lauppe* (1997) 59 Cal.App.4th 865, 873 [69 Cal.Rptr.2d 494].)

leave of absence in each of the three school years she was employed and therefore, she is entitled to reclassification and employment in a permanent status. The District denied the factual allegation.

■ We emphasize at the outset that McIntyre has the burden of proof on this issue. "[T]he party who seeks a writ of mandate has the burden of proving that the official body which fails to perform an act has thus violated its duty toward him by denying him a clear and present right. [Citations.]" (*Fair v. Fountain Valley School Dist.* (1979) 90 Cal.App.3d 180, 186 [153 Cal.Rptr. 56] (*Fair*).)

Section 44920 provides in pertinent part: "Notwithstanding the provisions of Sections 44917 [(substitute employees)] and 44919 [(short-term temporary employees)], the governing board of a school district may employ as a teacher, for a complete school year, but not less than one semester during a school year unless the date of rendering first paid service begins during the second semester and prior to March 15th, any person holding appropriate certification documents, and may classify such person as a temporary employee. *The employment of such persons shall be based upon the need for additional certificated employees during a particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board."* (Italics added.)

The rationale behind section 44920 is to permit school districts to employ temporary teachers to replace teachers who are absent on leave. Temporary teachers employed in compliance with section 44920 do not obtain reemployment rights because the temporary teacher is no longer needed when the absent teacher returns from leave. To confer probationary or permanent status on a teacher employed to replace a teacher who is out on leave would place the district in the untenable position of employing two teachers when only one position is available, which would result in overstaffing. (*Santa Barbara Federation of Teachers v. Santa Barbara High Sch. Dist.* (1977) 76 Cal.App.3d 223, 231 [142 Cal.Rptr. 749] (*Santa Barbara*); *Centinela Valley Secondary Teachers Assn. v. Centinela Valley Union High Sch. Dist.* (1974) 37 Cal.App.3d 35, 41 [112 Cal.Rptr. 27].)

■ It has been repeatedly held that a district's ability to use section 44920's temporary classification is not dependent on a one-to-one match of an employee on leave to a temporary teacher. (See *Santa Barbara, supra,* 76 Cal.App.3d at p. 232 ["we do not believe that section 13337.3 [(recodified as § 44920)] requires that a temporary teacher replace a particular employee on leave . . ."]; accord, *Bakersfield, supra,* 145 Cal.App.4th at p. 1283 [nothing

in the statutory language or purpose of § 44920 requires the temporary employee to replace a particular employee].) Rather, all that is required under section 44920 is that "the number of temporary teachers not exceed the total number of probationary and permanent employees on leave at any one time." (*Santa Barbara, supra,* at p. 233; see *Bakersfield, supra,* at p. 1283, and cases cited therein.)

McIntyre submitted evidence purporting to show that in all three years of McIntyre's employment, "in violation of § 44920, the district continued to employ a greater number of teachers as temporary under § 44920 as fill-in for other teachers on leave than the number to whom it had actually granted leave of absence." McIntyre's evidence consisted of a declaration from her trial counsel with 62 pages of documents appended to the declaration that were produced by the District as a result of a public record request. (Gov. Code, § 6250 et seq.) However, McIntyre's counsel does not claim any particular expertise in the subject of public teacher employee classifications (an extremely complicated subject), and cites no effort to explain how counsel analyzed the District's document, or how the figures used in McIntyre's writ petition were derived.

Based on this evidentiary showing, McIntyre argued that the District's "conduct, by employing certified teachers and classifying them as temporary under § 44920 in number[s] exceeding those permanent and probationary certificated employees on leave of absence from their duties, was an on-going violation of § 44920." Because of this statutory violation, McIntyre contends the District had no basis to classify her as a temporary teacher under section 44920 in either the 2006–2007 or 2007–2008 school year. Therefore, she is entitled to be reclassified into the presumptive classification—probationary status (§ 44915)—for those two school years, and must be accorded all of the rights of probationary employees as provided in the Education Code, including acquiring credit toward permanent status under section 44929.21. (See *Kavanaugh, supra,* 29 Cal.4th at p. 917 [under § 44929.21, subd. (b), "if a certificated *probationary* employee works for two complete consecutive school years and is then reelected for the next succeeding year, the employee is deemed elevated to permanent status by operation of law"].)

Consequently, McIntyre maintains she became a permanent tenured teacher of the District during the 2008–2009 school year pursuant to section 44929.21 based on (1) her first two complete consecutive school years as a probationary employee (2006–2007 and 2007–2008), (2) the District's failure to give her proper notice of nonreelection after two years as a second year probationary employee (§ 44929.21) as opposed to a temporary employee (§ 44954), and (3) her reemployment for the third school year.

The District provided conflicting documentary evidence to support its argument that section 44929.21 does not operate to confer permanent status on McIntyre because there were a sufficient number of teachers on leave to justify McIntyre's temporary classification under section 44920 during all three years of her employment. Specifically, the District submitted a declaration with supporting documentation from Ashley Halliday, who was the director of human resources for the District for the years in question, which showed that the District maintained an appropriate balance of temporary employees to employees on leaves of absence during the three years McIntyre was a District employee. Specifically, Halliday proffered documentary evidence that in the 2006–2007 school year, 19.26 employees were on a leave of absence for all or a portion of the year. During this timeframe, there were 15.90 certificated employees who were classified as temporary employees replacing the District employees who were on leaves of absence.

Likewise, Halliday's declaration referred to appended documentary evidence demonstrating that during the 2007–2008 school year, the District had 16.88 certificated employees on leaves of absence and 13 certificated employees classified as temporary employees filling in for District employees on leaves of absence.

Halliday's declaration also relied on documents for the 2008–2009 school year demonstrating that the District had 24.05 certificated employees on leaves of absence and 12.27 certificated employees classified as temporary employees filling in for those employees.

Faced with this conflict, the trial court found the District's evidence to be determinative, finding that "[i]t reasonably appears to the Court that the District had more permanent and probationary certificated employees on leaves of absence than it had certificated employees working under temporary contracts during each of the 2006–2007, 2007–2008, and 2008–2009 school years." While McIntyre invites this court to second-guess the court's resolution of this conflicting evidence, we are not permitted to do so under our well-established standard of review. As was stated in *Shamblin v. Brattain* (1988) 44 Cal.3d 474 [243 Cal.Rptr. 902, 749 P.2d 339]: "The trial court, with declarations and supporting affidavits, [is] able to assess credibility and resolve any conflicts in the evidence. Its findings . . . are entitled to great weight. Even though contrary findings could have been made, an appellate court should defer to the factual determinations made by the trial court when the evidence is in conflict. This is true whether the trial court's ruling is based on oral testimony or declarations. [Citation.]" (*Id.* at p. 479, italics & fn. omitted; accord, *Weathers v. Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 108 [95 Cal.Rptr. 516, 485 P.2d 1132].)

Accordingly, the trial court did not err in concluding that the District established that the number of temporary certificated employees did not exceed the number of certificated employees on leave at any time during the years McIntyre was classified as a temporary employee as required by section 44920.

C. *The School District Is Authorized to Release and Reemploy a Teacher in Temporary Status*

Alternatively, McIntyre makes the broad claim that nothing in the pertinent "legislation allow[s] for the continuing cycle of employment as a temporary teacher, nonreelection under § 44954[, subd.] (b) and re-employment as a temporary teacher which [she] suffered." She contends that the District tried to circumvent the tenure statutes by employing her for three years principally as a temporary employee. Consequently, she argues that she was denied her "proper and lawful rights to probationary and subsequently permanent or tenured employment classification."

As already explained, in order to prevail on her writ of mandate, McIntyre was required to prove that she had a clear, present, and beneficial right to classification as a permanent employee, and that the District had a clear, present, and ministerial duty to classify her as such. (*Fair, supra,* 90 Cal.App.3d at p. 186.) In addition, McIntyre must also prove that the District acted arbitrarily, capriciously, fraudulently, or without due regard for her rights. (*Id.* at p. 187.) McIntyre has not met this burden. There is absolutely no evidence that the District's actions were arbitrary, capricious, or fraudulent, or undertaken in order to deprive McIntyre of any rights, including permanent teaching status.

At the outset, we emphasize that there is nothing in the Education Code that precludes a school district from hiring temporary teachers to replace teachers on leave on a year-to-year basis without elevating them to probationary status. This is confirmed by *Santa Barbara, supra,* 76 Cal.App.3d 223, where the court considered many of the same issues presented in this appeal. In *Santa Barbara,* the petitioners sought to compel the district to grant them probationary status based on their three consecutive years of employment as temporary teachers. (*Id.* at p. 226.) The *Santa Barbara* court held that the Legislature has authorized school districts to replace teachers on long-term leave and that the petitioners' three years of temporary service did not compel their classification as permanent or probationary teachers. (*Id.* at pp. 238–239.) The appellate court noted the District's ability to employ a long-term temporary employee to replace a teacher on leave enabled the District to offer more consistent instruction than a succession of short-term substitute teachers could provide while avoiding the

problem of overstaffing when the employee on leave returned. (*Id.* at pp. 232–233.) Consequently, the "mere continuity of employment by a temporary or substitute teacher in a position regularly held by a probationary or permanent teacher does not, by itself, give rise to tenured status. [Citation.]" (*Id.* at p. 239.) The court concluded by stating, "[W]hen, as in the present case, the statutes plainly do not compel the classification to a higher status, the terms of the contracts of employment must be deemed controlling. [Citation.]" (*Id.* at p. 240.)

### D. *McIntyre Was Properly Classified for the 2006–2007, 2007–2008, and 2008–2009 School Years*

McIntyre's appeal is based on the simple premise that she was deprived of the job classifications to which she was legally entitled. After reviewing the statutory classification system and McIntyre's employment history with the District, we conclude that McIntyre has failed to prove that she had a clear, present, and beneficial right to a different employment classification during her three years with the District. (*Fair, supra,* 90 Cal.App.3d at p. 186.)

For McIntyre's first full year of employment with the District, it is undisputed that her "Notice of Terms of Employment" explicitly states she was a temporary employee as described by section 44920, replacing a certificated employee on leave of absence for the 2006–2007 school year. It is also undisputed that in March of the school year, the District timely released McIntyre pursuant to section 44954, subdivision (b). While McIntyre argued below that her employment was not governed by section 44920 because she was not truly replacing a teacher who was on leave, and there were actually more temporary teachers employed than teachers out on leave, this argument was rejected by the trial court, and we have affirmed that determination on appeal. Therefore, McIntyre's classification as a temporary employee for the 2006–2007 school year was proper.

For McIntyre's second full year of employment, 2007–2008, she was once again given written notice of her terms of employment placing her in a temporary position replacing a teacher on leave under section 44920, and she once again was timely released pursuant to section 44954, subdivision (b). In certain specified circumstances, either section 44920 or section 44918 can automatically transform a teacher's classification from a second year temporary employee to a second year probationary employee. However, when the facts underlying McIntyre's employment in 2007–2008 are considered, we find McIntyre is not entitled to invoke either section.

Section 44920 provides, in pertinent part: "Any person employed for one complete school year as a temporary employee shall, *if reemployed for the*

*following school year in a vacant position* requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status." Section 44920 goes on to explain: "For purposes of this section 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a permanent or probationary employee. *It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave.*" (Italics added.)

Consequently, while section 44920 permits a temporary employee who has served one full year in a temporary position and who is reemployed the following school year in a "vacant position" to be classified as a probationary employee, and to have the first year of employment as a temporary employee reclassified as probationary for the purposes of acquiring permanent status, McIntyre does not qualify under the express terms of this provision. One critical fact in the analysis of section 44920, is that the term "vacant position" is specifically defined by that statute, and it does not include a position where the regular holder of the position is on leave of absence. This is logical, because when the permanent or probationary employee returns from leave, he/she is entitled to resume his/her teaching position. If school districts are required to confer probationary status upon teachers who are filling in for teachers on leave, the districts will end up with surplus employees when the teachers return from leave.

As we have earlier observed, the trial court found that McIntyre was employed as a temporary employee to replace a certificated employee on leave for the 2007–2008 school year. Because McIntyre was employed as a temporary employee to replace a certificated employee on leave, she never filled a "vacant position" as defined in section 44920 and was therefore not entitled to count the first year of temporary employment as the first of two consecutive years of probationary employment for acquiring permanent status as allowed by section 44920.

We also conclude that section 44918 does not alter McIntyre's temporary status during the 2007–2008 school year. Section 44918 states, in relevant part: "(a) Any employee classified as a substitute or temporary employee, who serves during one school year for at least 75 percent of the number of days the regular schools of the district were maintained in that school year and has performed duties normally required of a certificated employee of the school district, shall be deemed to have served a complete school year as a probationary employee *if employed as a probationary employee for the following school year.* [¶] (b) Any such employee shall be reemployed for the

following school year to fill any vacant positions in the school district unless *the employee has been released pursuant to subdivision (b) of Section 44954.*" (Italics added.)

The plain language of section 44918 does not apply to confer probationary status on McIntyre for her prior year's service as a temporary employee because she was never employed the following year as a probationary employee. Moreover, the undisputed evidence establishes that she was timely released pursuant to section 44954, subdivision (b), thereby terminating any rights she would otherwise have had to reemployment in a probationary status. (§ 44918, subd. (b).) Consequently, McIntyre was properly classified as a temporary teacher during the 2007–2008 school year and never obtained probationary status.

Just like the petitioners in *Santa Barbara*, McIntyre has cited section 44917 (formerly § 13336) and asserts it compel a different result for the 2007–2008 school year. (See *Santa Barbara, supra*, 76 Cal.App.3d at pp. 234–235.) Section 44917 provides in relevant part as follows: "Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status."

The *Santa Barbara* court noted that the language of section 44917 (formerly § 13336) is "patently inconsistent" with the language used in section 44920 (formerly § 13337.3), which requires that a temporary teacher be reemployed the following year in a vacant position in order for the previous year's service to be deemed probationary. (*Santa Barbara, supra*, 76 Cal.App.3d at pp. 235–236.) Moreover, unlike section 44918 (formerly § 13336.5), section 44917 (formerly § 13336) does not require that the temporary teacher be reemployed the following school year as a probationary employee in order to receive credit toward permanent status. (*Santa Barbara*, at pp. 236–237.) In recognizing a school district's need for flexibility in hiring temporary teachers who serve as "place holders" for teachers on leave, the *Santa Barbara* court held that the language in sections 44918 and 44920, the later-adopted statutes, would prevail and "will be deemed to have abrogated any contrary language" contained in section 44917, the earlier-enacted statute. (*Santa Barbara*, at p. 236.) Therefore, the court held that section 44917 (formerly § 13336) does not compel probationary status based on the mere fact of two years of consecutive temporary employment. As the *Santa Barbara* court put it, temporary employees are "not automatically

entitled to probationary status by virtue of the fact that they have each been reemployed following a year as a temporary teacher." (*Santa Barbara*, at p. 237.)

We believe the *Santa Barbara* court correctly harmonized the seemingly incompatible sections of the statutory scheme governing temporary employees, and we adopt its reasoning in this case. Consequently, section 44917 does not provide a vehicle for McIntyre's elevation from temporary to probationary status in an automatic fashion based simply on her two consecutive years of temporary service. At most, McIntyre was owed first priority for consideration if there were any vacant positions in the grade levels in which she taught as a temporary teacher. (§ 44918, subd. (c) [temporary teachers who have served two consecutive years as a temporary or substitute employee in the district have the right to priority consideration if the district fills a vacant position at the grade level in which the temporary served].) McIntyre has failed to produce any evidence of any such vacancy. For the foregoing reasons, McIntyre had no right, and the District had no duty, to employ her in probationary status in 2007–2008.

For McIntyre's third full year of employment, 2008–2009, the District initially employed her in a temporary capacity and then in October 2008, reclassified her status to a probationary teacher and deemed her to be a second year probationary employee. McIntyre's second year probationary status did not impose any duty on the District to continued employment thereafter. Second year probationary employees are subject to nonreelection pursuant to section 44929.21, subdivision (b), and by timely exercising that right, the District lawfully terminated its employment relationship with McIntyre at the end of 2008–2009. (See *Vasquez, supra*, 159 Cal.App.4th at p. 986.)

For all of the reasons set forth above, we uphold the trial court's judgment in this case denying McIntyre's writ of mandate and entering judgment in favor of the District. We find that at the time it made its employment classifications, the District complied with all statutes governing classification of temporary and probationary teachers and the case law interpreting those statutes. Furthermore, all of the employment, reemployment, and nonreelection actions taken by the District were authorized by the Education Code. Therefore, we affirm the trial court's judgment that McIntyre "has not met her evidentiary burden to establish that she is entitled to reemployment by the District as a permanent certificated employee due to purported classification errors . . . ."

## IV.

## DISPOSITION

The judgment is affirmed. The District is entitled to recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

Reardon, J., and Rivera, J., concurred.