335 P.2d 627

**Milton WINN, Plaintiff and Appellant,**

v.

**William B. READ, Defendant and Respondent.**

No. 8575.

Supreme Court of Utah.

Feb. 19, 1959.

Newel G. Daines, Logan, and L. DeLos Daines, Salt Lake City, for appellant.

C. N. Ottosen, Salt Lake City, for respondent.

McDONOUGH, Justice.

This case has to do with an action filed to recover damages for personal injuries and for injuries to a horse. Defendant countered with a claim for damages to his car. The court, sitting without a jury, held the plaintiff horseman guilty of contributory negligence, and he appeals.

It is undisputed that on June 21, 1954, plaintiff and defendant were traveling north on 3d West in Smithfield, plaintiff on a horse and defendant in his car. The street had a 20-foot oiled surface with shoulders 4 to 6 feet wide. The accident occurred at dusk.

Plaintiff said he was riding the horse north on the left side of the road at about 8 p. m.; that "the horse was right on the edge, just off the oil." He said that as he heard the car coming he pulled off toward the brush and immediately thereafter he was hit; at another point he said he had pulled off into the brush; that a big gash was cut on the left thigh of the horse and its foot was broken. One wheel of the car, following the collision, was right on the edge of the oil on the left side of the road. Plaintiff said he had traveled north about 30 rods.

Defendant said he first saw the horse on the right side of the blacktop; that he turned to the west a little but that plaintiff also moved to the west and he struck the horse in the west lane of traffic; that the horse seemed to be moving so that his left side was in front of defendant. He said that when the car stopped the right front wheel was one foot west of the center of the oiled surface and the left rear wheel four feet from the west edge of the oil. He said that he applied his brakes when he saw that plaintiff was moving west also and that the skid marks ran from about the center of the oiled surface northwest to the point of impact.

Among other things, the trial court found as follows:

1. That on the 21st day of June, 1954, within the corporate limits of Smithfield, Utah, the plaintiff was riding horseback and at the same time the defendant was operating his car on the left-hand side of

the same road; both parties proceeding in the same direction.

2. That as the parties moved northward in the same direction, the plaintiff caused his horse to move from the right-hand side of the road to the left-hand side of the road and *had straightened out and proceeded parallel with the road for about 30 rods north when the accident occurred.* That the defendant operated his car into and against the rear end of the horse then, there and thereby injuring said horse and the plaintiff himself. (Italics ours.)

Plaintiff urges that 1) the court erred in finding the plaintiff was negligent as a matter of law in traveling on the left side of the road in the face of oncoming traffic, that 2) it erred if it found, as a matter of fact, that plaintiff was negligent in traveling horseback on the left side of the roadway in the face of oncoming traffic, and 3) that assuming plaintiff was negligent, nonetheless, such negligence was not a proximate cause of his injuries.

The finding made by the trial court that the plaintiff horseman had traveled for 30 rods on the left-hand side of the road parallel thereto finds no support in the evidence. If, as a matter of fact, the horseman, though on the wrong side of the road, did travel for 30 rods, or any substantial distance, on the left-hand side of the road, then the defendant should have observed him and should have avoided running into him. If he failed so to do, he was guilty of negligence that was the sole proximate cause of the collision.

In view of the erroneous finding and the state of the record, the case is remanded to the lower court to make appropriate findings on this crucial issue and enter an appropriate judgment, and if necessary, to take additional evidence, if available, with respect thereto.

No costs will be awarded.

CROCKETT, C. J., and WADE and WORTHEN, JJ., concur.

HENRIOD, J., does not participate herein.