356 P.2d 167

**Milton WINN, Plaintiff and Respondent,**

v.

**William B. READ, Defendant and Appellant.**

No. 9209.

Supreme Court of Utah.

Oct. 28, 1960.

———◆———

C. N. Ottosen, Salt Lake City, for appellant.

L. Delos Daines, Salt Lake City, David R. Daines, Logan, for respondent.

PER CURIAM.

We had this case before (No. 8575 reported in 8 Utah 2d 394, 335 P.2d 627, 628) and remanded it for further proceedings to consider and determine by taking evidence, if necessary, one factual matter. The case had to do with a collision between a car and a horse with ensuing damage to both and to the horseman, a more detailed account of which is set out in our former opinion, to which reference is made.

There we said that:

"The finding made by the trial court that the plaintiff horseman had traveled for 30 rods on the left-hand side of the road parallel thereto finds no support in the evidence. If, as a matter of fact, the horseman, though on the wrong side of the road, did travel for 30 rods, or any substantial distance, on the left-hand side of the road, then the defendant should have observed him and should have avoided running into him. If he failed so to do, he was guilty of negligence that was the sole proximate cause of the collision.

"In view of the erroneous finding and the state of the record, the case is remanded to the lower court to make appropriate findings on this crucial issue and enter an appropriate judgment, and if necessary, to take additional evidence, if available, with respect thereto."

Plaintiff testified on direct and cross-examination specifically to the effect that he had travelled on the *left* side of the highway for 30 rods before being struck, which testimony, if believed, supported the finding of the trial court in the former case that we said was unsupported by the evidence. We indicated as stated above that if the evidence adduced after remand supported such finding, defendant's negligence would have been the sole proximate cause of the collision.

The trial court chose to believe plaintiff's testimony and has satisfied the purpose for which we remanded the case, i. e., to make a finding as to whether plaintiff did or did not ride his horse on the *left* side of the road a distance of 30 rods before being struck. Having done so the judgment is affirmed, with costs to plaintiff.