[Civ. No. 44097. Second Dist., Div. One. Mar. 6, 1975.]

CARMA B. MIDDAUGH, Plaintiff and Appellant, v.
BOARD OF TRUSTEES OF WESTSIDE UNION SCHOOL
DISTRICT OF LOS ANGELES COUNTY et al., Defendants and
Respondents.

**COUNSEL**

Doane Brakemeyer for Plaintiff and Appellant.

John H. Larson, County Counsel, and Donovan M. Main, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—This is an appeal from a judgment on the pleadings entered on the motion of respondent school district (District) in appellant's action for writ of mandate to establish her status as a permanent teacher and for an injunction to restrain proceedings to terminate her employment as a probationary employee. Concluding that appellant's petition states a cause of action in mandamus, we reverse the judgment.

On April 23, 1971, appellant filed her two-count petition which began the case at bench. The first cause of action seeks a writ of mandate

compelling District to recognize appellant's status as a permanently employed primary school teacher. The petition alleges: (1) District has an average daily attendance of 250 or more; (2) at all relevant times appellant was a "duly certificated public school teacher, holding a standard teaching credential authorizing her to teach all subjects in grades one through nine of the schools of the State of California"; (3) she was employed by District as a probationary elementary school teacher, in a position requiring certification qualification for the school years 1967-1968, 1968-1969, and 1969-1970; (4) appellant was reelected by the board of trustees of District for the 1970-1971 school year and because of that employment became a permanent employee of the District, entitled to teach in it; (5) she continued to serve as a teacher in District until February 2, 1971, when she was absent temporarily because of an injury suffered on the job; and (6) while appellant is ready and willing to serve as a duly certificated teacher of District, District refuses to recognize her as a permanent employee.

The second cause of action repeats the content of the first and adds the allegation that District has instituted procedures to terminate appellant's employment, utilizing the process applicable to probationary teachers. It seeks injunctive relief against District proceeding against appellant by the procedures applicable to other than permanent employees.

District answered the petition claiming that appellant held only a provisional standard teaching credential during the 1967-1968 school year, and that in the 1968-1969, 1969-1970, and 1970-1971 years, she held a partial fulfillment standard credential.[1] The answer asserts as affirmative defenses: (1) the proposition that by reason of Education Code section 13331 appellant's service while holding a provisional credential is not to be counted toward years of service in acquiring permanent status; and (2) the petition fails to name an indispensable party, i.e., the Office of Administrative Procedures before whom administrative proceedings to terminate appellant's employment were pending.

The trial court denied appellant's application for a preliminary injunction to halt administrative proceedings to terminate employment as a probationary teacher pursuant to Education Code section 13443. Over appellant's objection that there was no jurisdiction to proceed against her as a probationary employee, a hearing officer of the Office of

---

[1]District concedes that a "partial fulfillment standard credential" qualifies as a standard credential for the purposes of teacher tenure.

Administrative Procedure, on August 20 and 25, 1971, held a hearing on behalf of District to terminate appellant pursuant to that statute. The hearing officer issued a proposed decision finding that appellant was a probationary teacher and that grounds existed for dismissing her as such. The finding recognizes that Education Code section 13304 provides that a certificated teacher with three years probationary service who is "elected" to serve a fourth year acquires permanent status but relies upon Education Code section 13331 which states that a year served under a provisional credential is not to be counted in determining the period of service. The hearing officer determined that appellant held only a provisional credential during the 1967-1968 school year so that she had served only two and not three years as a properly certificated employee prior to her reemployment for the 1970-1971 year. The jurisdictional section of the proposed decision concludes: "Subject to a judicial finding to the contrary in proceedings presently pending before the courts, it is herewith found that, for the purposes of the present matter, the administrative process has jurisdiction." On September 1, 1971, the governing board of District adopted the proposed decision as its own.

Appellant's petition for writ of mandate to establish her status as a permanent employee of District was heard on August 13, 1973. District moved for judgment on the pleadings. The motion requested that the court take judicial notice of the administrative proceeding and argued that the decision of the administrative agency was res judicata in determining that appellant was a probationary and not permanent employee in the 1970-1971 school year. Appellant sought and was granted permission to file a "written offer of proof." The offer consists of proffered testimony by a representative of the California Commission for Teacher Preparation and Licensing to the effect appellant was entitled to a standard credential on a partial fulfillment basis for the 1967-1968 year but that the commission had, on her application, issued her only a provisional credential for that year in error. On October 3, 1973, the trial court granted District's motion for judgment on the pleadings. This appeal followed.

The trial court erred in granting the motion. A motion for judgment on the pleadings is the equivalent of a general demurrer. If the complaint or petition states a cause of action on its face, the motion must be denied unless matter established by judicial notice conclusively rebuts the existence of the plaintiff's or petitioner's cause. (4 Witkin, Cal.

Procedure (2d ed.) Proceedings Without Trial, §§ 161, 162.) Here the petition states a good cause of action for a writ of mandate.

■ Mandate directed to the governing board of a school district is an appropriate vehicle to compel the district to recognize a teacher's status as a permanent employee and may be pursued without first exhausting any administrative remedy. (*Vittal* v. *Long Beach Unified Sch. Dist.,* 8 Cal.App.3d 112, 118-119 [87 Cal.Rptr. 319].) "The provisions for permanent status are contained in the Education Code and if they have been met the attainment of permanent status is automatic. No application need be made, nor is any affirmative action on the part of the school board necessary . . . ." (*Vittal* v. *Long Beach Unified Sch. Dist., supra,* 8 Cal.App.3d at p. 118.) ■ A teacher has a vested right to recognition of permanent status when he or she meets the statutory requirements. (*Abraham* v. *Sims,* 2 Cal.2d 698, 710 [34 P.2d 790, 42 P.2d 1029].)

■ Education Code section 13304 states: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for three complete consecutive school years in a position . . . requiring certification qualifications, is re-elected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district." Education Code section 13331 provides: "Service by a person under a provisional credential shall not be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee of a school district." The petition in the case at bench alleges that appellant has satisfied all of the requirements for permanent status set forth in section 13304. Since in dealing with a motion for judgment on the pleadings we must consider those allegations as true, the petition establishes appellant's right to relief unless the administrative proceeding of which the trial court took judicial notice conclusively rebuts a necessary allegation.

The administrative action taken by District does not do so. That action is effective only if the administrative agency had jurisdiction to act. That jurisdiction, in turn, was dependent upon appellant's status as a probationary as opposed to a permanent employee of District since the agency purported to proceed under the statutory scheme applicable only to probationary employees. Here the agency expressly deferred to the court in which the action was pending by making its finding of

jurisdiction dependent upon the determination of the court in which the mandate action was pending. Having done so, the Board's judgment cannot be given collateral estoppel effect on the jurisdictional issue. (*Stark* v. *Coker,* 20 Cal.2d 839, 843 [129 P.2d 390]; 4 Witkin, Cal. Procedure (2d ed.) Judgment, § 209.) Thus, we need not reach the question of the power of the administrative agency to determine its own jurisdiction over appellant's objection and the previously filed action for mandate. (But see *Taylor* v. *Superior Court,* 47 Cal.2d 148, 149 [301 P.2d 866].)

We thus conclude that the trial court erred in granting District's motion for judgment on the pleadings. ■ District argues on appeal, however, that irrespective of any defect in the trial court's action, appellant's offer of proof discloses that the State Board of Education and other agencies of the State of California having authority to issue teaching credentials are indispensable parties to the action and that they have not been named or served with process. In effect, District thus asks us to affirm the trial court's action as having been taken on a motion for summary judgment or upon appellant's opening statement. District's argument is not available on the record. Appellant's offer of proof is not that the appropriate state agencies refused to issue her a standard credential for the 1967-1968 year when she was properly entitled to one. It is that through clerical error she was not issued the credential to which those agencies agree she was entitled. Personnel of the accrediting agencies will be appropriate witnesses of that fact at trial, but the agencies themselves will in no way be affected by the judgment. They are thus not indispensable parties. (Code Civ. Proc., § 389.)

The judgment is reversed.

Wood, P. J., and Lillie, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 1, 1975.