[Civ. No. 40118. First Dist., Div. Three. Aug. 30, 1977.]

GRITA KAMIN, Plaintiff and Appellant, v.
GOVERNING BOARD OF THE RICHMOND UNIFIED SCHOOL
DISTRICT et al., Defendants and Respondents.

**COUNSEL**

Van Bourg, Allen, Weinberg & Roger and Stewart Weinberg for Plaintiff and Appellant.

John B. Clausen, County Counsel, and Rosemary Matossian, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**GOOD, J.**\*—A Special Compensatory Education Project for Peres School in Richmond was funded pursuant to title I of the Elementary and Secondary Education Act of 1965 (20 U.S.C. § 241(a) et seq.) for the school years 1973-1974, 1974-1975 and 1975-1976. The project was operative in each of the 18 classrooms at the school which were designated as participating classrooms and all students were identified as project participants. Emphasis was upon individualized instruction in reading and math. During the first year, funds were provided for five

---

\*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

resource teachers in these subjects, and for the purchase of machines and materials used therein. Funding for resource teachers was provided in the ensuing years. Teachers were allowed $100 per year to purchase additional materials to further the project. When the project was originally implemented, a Ms. Bardelson, who had been a full-time kindergarten teacher during the previous year, was chosen as one of the math resource teachers. Ms. Kamin was hired and assigned to that kindergarten class. Her contract described her as a "full-time certificated teacher for the year 1973-74 school year (July 1 through June 30 or project termination whichever occurs first)" and classified her as "a specially funded project employee." Contracts for the next two school years contained like clauses. In the second and third year, she taught full-time in a second and then in a second/third combination grade.

During March of the third year, she appeared before the district's governing board and contended that she had been a probationary teacher from the outset and would be entitled to reemployment and permanent classification upon completion of her third year. The board took no action. She was not given notice of dismissal (intention not to rehire) or the advice of hearing rights required by section 13443 of the Education Code (in which all code sections below cited will be found unless another code is designated). Project funds for 1976-1977 were reduced and she was not reemployed. She filed her petition for mandamus to compel the district to employ her for 1976-1977 as a permanent certificated employee. ■■ The writ was denied and her appeal raises the issue of whether, despite the terms of the contracts, she was legally entitled to classification as a certificated probationary employee and legally entitled to reemployment because of the district's failure to notify her prior to March 15, 1976 that she would not be employed for the next school year. (§ 13443.) The nature of her teaching duties as related to the regular educational program of the school and the scope of the project is determinative of whether or not the contractual classification is controlling. For reasons set out below, we have concluded that it did not control and that the writ should have been granted.

■■ The matter of classification of teachers as probationary or permanent is determined by state law. (*Campbell* v. *Graham-Armstrong* (1973) 9 Cal.3d 482, 487 [107 Cal.Rptr. 777, 509 P.2d 689].) It is not subject to administrative discretion. (*Abraham* v. *Sims* (1935) 2 Cal.2d 698, 709-710 [34 P.2d 790, 42 P.2d 1029].) If statutory requirements are met, a teacher's rights are automatically vested independently of any action by the governing board. (*Middaugh* v. *Board of Trustees* (1975) 45

Cal.App.3d 776, 781 [119 Cal.Rptr. 826]; *Vittal* v. *Long Beach Unified Sch. Dist.* (1970) 8 Cal.App.3d 112, 118-119 [87 Cal.Rptr. 319].) Section 13338.1 provides: "Except as provided in Sections 13406 [failure to demand hearing] and 13448 [terminated permanent employees], any contract or agreement, express or implied, made by any employee to waive the benefits of this chapter[1] or any part thereof is null and void." (Cf. *Campbell* v. *Graham-Armstrong, supra,* at p. 492; *Paulus* v. *Board of Trustees* (1976) 64 Cal.App.3d 59, 61 [134 Cal.Rptr. 220].)

■ Ordinarily, under section 13304,[2] a certificated full-time classroom teacher employed for three consecutive years attains permanent classification at the commencement of the next school year. The district (respondent below) contends that appellant came within section 13329 which authorizes exceptions to the tenure provisions of the Education Code. The section provides that a district may hire teachers "as instructors in classes conducted under contract with public or private agencies, or other categorically funded projects of indeterminate duration" and such service is not included in computing service prerequisites to tenure. The section concludes with a provision that it shall not be applied to a teacher who has been employed as a probationary employee "to teach in the regular educational programs" before being assigned to such funded or contract classes. Respondent argues that appellant had not been so employed at the time she was hired and because "classes conducted under contract," as used in section 13329, must mean all classes affected by such programs or projects, the contract classification as a specially funded project teacher was proper. The district points to the fact that the section does not specify that the salary of a 13329 employee must come from project funds.

■ We grant that section 13329 was intended to give school districts flexibility in the operation of special educational programs to supplement their regular program and to relieve them from having a surplus of probationary or permanent teachers when project funds are terminated or cut back. But we cannot accept respondents' submission that the

---

[1]This chapter is entitled "Provisions Applying to Certified Employees" and comprises sections 13186.5 to 13575 and covers a very wide swath indeed.

[2]Education Code section 13304 reads: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."

reference in Education Code section 13329 to "instructors in classes conducted under . . . categorically funded projects" means instructors in classrooms that are part of the regular educational program of a school. The distinction between regular classes and contract or specially funded project classes is recognized in the final paragraph of section 13329.[3] In view of the clear legislative policy reflected in the Education Code (cf. *Campbell* v. *Graham-Armstrong, supra,* (conc. opn. per Wright, C.J., 9 Cal.3d 491), section 13329 was obviously not intended to authorize a carte blanche elimination of a teacher's right to probationary or permanent classification whenever specially funded projects are instituted in a particular school. Rather than supporting the conclusion that respondent urges, the fact that "[a]ll of the students at Peres School for the years in question were identified as project participants" and that each of the 18 classes in the school was "identified as a participating classroom" demand scrutiny of appellant's duties as related to the regular teaching program of the school.

It is clear from the circumstances attending appellant's first contract that she was hired as a full-time kindergarten teacher to replace Ms. Bardelson who had been assigned to the position of a project resource teacher. Ms. Bardelson's class was part of the school's regular program and, although affected by the project, remained so under Ms. Kamin's instruction. Respondent lists seven factors which it argues served to transform this class from a regular class to a specially funded contract or project class. Five of them (individualized instruction; assistance of resource teachers; allowance for purchase of additional reading and math materials; paraprofessional support from paid parent aides; auxiliary services from community, social services, nurse's aide, speech and multi-ethnic teacher) were provided to all classrooms and students since all were participants in the project. Two of them (requirement to teach reading and math pursuant to individualized instructional management systems; requirement to attend weekly "staff development" for special training of [project] participants) would perhaps not have existed but for the project. However, these factors were also shared equally by all other regular teachers since all classrooms participated in the program. These factors prove only that the regularly conducted kindergarten class in which appellant taught (and her classrooms in her second

---

[3]Section 13329 excepts teachers hired as "instructors in classes conducted under . . . categorically funded projects" from the tenure provisions of the Education Code. However, its final paragraph excepts application of this exception to any teacher "who has been employed to teach in the regular educational programs of the school district as a probationary employee before being subsequently assigned" to any such program.

and third year) were affected by and participated in the project to the same extent as every other classroom at Peres. No metamorphosis from regular class to project class was effected.

In view of the legislative policy reflected in the mandatory provisions of the Education Code concerning classification (§§ 13304, 13334 etc.; cf. *Campbell* v. *Graham-Armstrong, supra,* with particular reference to conc. opn. per Wright, C.J., 9 Cal.3d 491), we think it is clear that section 13329 does not apply to a teacher who is employed as a full-time classroom teacher to conduct a class that is part of the regular educational program of a school. ■■ Because section 13338.1 invalidates the contractual classification, and because appellant's services met the statutory requirements for permanent classification, she was entitled to and must "be deemed" reelected or reemployed for the school year 1976-1977.

The judgment is reversed with directions that the trial court enter its order in accordance with the views expressed herein.

Draper, P. J., and Emerson, J.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 17, 1977. Clark, J., and Manuel, J., were of the opinion that the petition should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.