[Civ. No. 50868. Second Dist., Div. Two. Dec. 28, 1977.]

AMERICAN FEDERATION OF TEACHERS, LOCAL NO. 1424,
AFL-CIO et al., Plaintiffs and Appellants, v.
BOARD OF EDUCATION OF THE MONROVIA UNIFIED
SCHOOL DISTRICT, Defendant and Appellant.

**COUNSEL**

Levy, Koszdin, Goldschmid & Sroloff and Henry R. Fenton for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Melanie E. Lomax, Deputy County Counsel, for Defendant and Appellant.

**OPINION**

**BEACH, J.**—Appellants American Federation of Teachers, Local 1424 and Janet Kaplan King appeal from the denial of a petition for a writ of mandate sought to compel respondent Board of Education of the Monrovia Unified School District to reemploy appellant King and classify her as a probationary employee. The court below found her to be a temporary employee and guilty of laches and estopped from impeaching the temporary nature of her employment. Because of her unreasonable delay in claiming probationary status, the court further found her estopped from contending that respondent was required to notify her of

nonreemployment pursuant to Education Code sections 13443 and 13447.[1]

## FACTS:

Appellant King was employed on October 9, 1975, by the respondent as a certificated employee for the 1975-1976 school year pursuant to a written contract which stated her employment was subject to the provisions of section 13329.[2] Her employment was the result of respondent's receipt of Senate Bill No. 420 funds for special reading programs. However, appellant King was assigned to teach the regular seventh grade reading class of another teacher who, because of her greater experience, was assigned to teach the specially funded class.

At the time of appellant's employment she was evidently informed of and agreed to, the temporary nature of her employment. On March 10, 1976, she received notice she would be terminated at the end of the school year unless the special program was continued. She thereupon consulted an attorney and learned of the possibility that she had reemployment rights as a probationary employee because the contract improperly designated her employment as pursuant to section 13329. On April 1, 1976, appellant filed a grievance contending she was entitled to probationary status and reemployment for the following school year. After exhausting her administrative remedies, she filed a petition for a writ of mandate on August 11, 1976.

The court's findings of fact and conclusions of law include the following: (1) that at the time of her employment, appellant was informed of, and agreed to, the temporary nature of her employment pursuant to section 13329; (2) that since appellant was not assigned as a teacher in the special reading class, section 13329 was inapplicable; (3)

---

[1] All code sections hereafter cited are from the Education Code unless another code is designated.

[2] Under the reorganized Education Code, operative April 30, 1977, former Education Code section 13329 is now designated sections 44909 and 87470. For convenience of the parties, we shall use the former designations in this opinion.

Section 13329, as in effect in 1975, provided in pertinent part that teachers hired as "instructors in classes conducted under . . . categorically funded projects" were excepted from the tenure provisions of the Education Code. "Such persons . . . may be terminated at the expiration of the contract or specially funded project without regard to other requirements of this code respecting the termination of probationary or permanent employees."

that appellant's employment contract describing her as a temporary employee pursuant to section 13329 was "of no significance and not determinative of the issue of her classification as a probationary or temporary employee . . ."; (4) that appellant was "a temporary employee under section 13337.3 by virtue of respondent's need to hire a temporary credential employee to fill the vacancy created by Mrs. Higley's leave of absence" to teach in the special reading program; (5) that although appellant was not notified prior to March 15 of her nonreemployment for the next school year as required by sections 13443 and 13447, such notice is not required to be given temporary employees such as appellant; and (6) that appellant was guilty of laches and estopped from contending that respondent was required to give her notice under sections 13443 and 13447 because of appellant's unreasonable delay in asserting her claim to probationary status. The court further found that there was prejudice to respondent in that it had been led to believe to its detriment that appellant accepted the temporary nature of her employment as per her contract.

The petition was denied and this appeal followed. Respondent has cross-appealed from the court's finding that appellant was not properly hired pursuant to section 13329.

CONTENTIONS ON APPEAL:

Appellant contends:

1. Appellant King did not fall within the provisions of Education Code section 13329.

2. Appellant was not classified as a temporary employee, and could not be so classified under the provisions of the Education Code.

3. The finding that appellant was guilty of laches and estopped from claiming probationary status must be reversed.

Cross-appellant and respondent school district contends that appellant was properly employed pursuant to section 13329.

DISCUSSION:

1. *Appellant was not properly employed under the provisions of Education Code section 13329.*

■ As in the analogous case of *Paulus* v. *Board of Trustees,* 64 Cal.App.3d 59, 61 [134 Cal.Rptr. 220]: "Appellant's principal contention is that the circumstances under which she signed the employment contract in [October 1975] mandated that she be classified as a probationary teacher, pursuant to controlling statutes, and that the [Education Code] cannot be circumvented by contractual agreement to the contrary."

Although the trial court in the instant case denied appellant's petition, it did find that appellant was a temporary employee but *not* pursuant to section 13329. When a teacher is properly employed under that section, that employee is not entitled to the protections normally extended to probationary employees.

Appellants, relying on *Kamin* v. *Governing Board,* 72 Cal.App.3d 1014 [139 Cal.Rptr. 853], contend that this part of the holding should be affirmed. Appellant was paid with regular school district funds and was assigned, in fact, to teach a regular class. She was not employed as an instructor in any class conducted under contract with a public or private agency nor was she employed in any other categorically funded project. The fact that appellant was assigned to teach the class of a teacher who was in turn assigned as an instructor in the categorically funded reading project did not place appellant's employment status within the provisions of section 13329.

For the reasons above and those persuasively enunciated in *Kamin* v. *Governing Board, supra,* 72 Cal.App.3d 1014, we agree with appellants and the court below that appellant's status was not determined by section 13329.

"We grant that section 13329 was intended to give school districts flexibility in the operation of special educational programs to supplement their regular program and to relieve them from having a surplus of probationary or permanent teachers when project funds are terminated or cut back. But we cannot accept respondents' submission that the reference in Education Code section 13329 to 'instructors in classes

conducted under . . . categorically funded projects' means instructors in classrooms that are part of the regular educational program of a school. . . ." (*Kamin, supra,* 72 Cal.App.3d at pp. 1018-1019.)

In the instant case, as in *Kamin,* it is clear from the circumstances attending appellant's contract that she was hired as a full-time teacher to replace a more experienced tenured teacher who was assigned to teach in the special reading program. Our attention has not been drawn to any factors which transformed appellant's class from a regular class into a specially funded project class. Therefore, in agreeing with the court below, we adopt the conclusion of the court in *Kamin:* ". . . we think it is clear that section 13329 does not apply to a teacher who is employed as a full-time classroom teacher to conduct a class that is part of the regular educational program of a school. . . ." (*Kamin* v. *Governing Board, supra,* 72 Cal.App.3d at p. 1020.)

In affirming that portion of the judgment holding section 13329 inapplicable to the instant case, we find respondent's cross-appeal to be without merit.

2. *Substantial evidence supports the finding of the trial court that appellant's employment was temporary in nature.*

Although the court found that appellant was not properly employed pursuant to section 13329, it did hold that she was a temporary employee pursuant to section 13337.3 in that she replaced a regular certificated employee who had been granted "leave" from her regular assignment to teach in the special reading program.[3] The court found it of no significance and not dispositive of appellant's status that her contract erroneously indicated her temporary status pursuant to section 13329 instead of section 13337.3.

The court reasoned that since the regular teacher "was transferred into the special reading classes set up with Senate Bill No. 420 funds, and paid from these funds and not from the Respondent's general funds," this constituted a leave of absence from her regular teaching assignment which "created a vacancy and the necessity for a replacement in the

---

[3]Section 13337.3 authorizes school districts to hire certificated employees for a complete school year or for no less than a semester and to classify them as temporary, based on the need for additional certificated employees, because a certificated employee has been granted a leave for a semester or year or has a long-term illness.

regular reading class which [appellant] was hired to fill." This is similar to the interpretation of section 13337.3 in the analogous case of *Paulus* v. *Board of Trustees, supra,* 64 Cal.App.3d 59, affirming denial of a petition for a writ of mandate and holding petitioner to be only a temporary employee.

There is nothing in section 13337.3 to compel the construction that a permanent employee who is on leave be physically absent from the school district, as the appellants contend. Substantial evidence in the record supports the court's judgment: the statutory requirements of sections 13329 and 13337.3; appellant's written employment contract; and the parties' stipulations and pleadings. Furthermore, the county counsel's formal opinion of February 18, 1975, to the Compton Unified School District stated in pertinent part that:

". . . a school district may employ teachers as temporary employees to take the place of tenured or probationary . . . employees who have *taken leave* from their regular assignments in order to work in a categorically funded project.

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

". . . Since such regular certificated employees are being compensated out of a special categorical fund, not the general fund, and . . . is subject to termination at any time, the district may treat such certificated employees as *being on leave* from their regular, general fund positions and may fill the vacancies so created with temporary teachers hired under Section 13337.3. . . ." (Italics added.)

Appellants rely on *Coffey* v. *Governing Board,* 66 Cal.App.3d 279 [135 Cal.Rptr. 881], and section 13334[4] in contending that the inapplicability of section 13329 and the omission of reference to section 13337.3 from the employment contract mandates that appellant be deemed to have had probationary status. Although the evidence regarding appellant's knowledge of her status as a temporary employee is conflicting,[5] a

---

[4]Section 13334 provides: "Governing boards of school districts shall classify as probationary employees, those persons employed in positions requiring certification qualifications for the school year, who have not been classified as permanent employees or as substitute employees."

[5]Appellant's declaration states in pertinent part:
". . . at my pre-hire interview . . . I was told by . . . Richardson that I might not be re-employed during the 1976-77 school year but at no time did he notify me that I was being hired as a temporary employee and at no time did he notify me that I was being

reviewing court's task is not to reweigh the evidence, but to determine if substantial evidence supports the findings of the court. (*Foreman & Clark Corp.* v. *Fallon,* 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362].) The declaration of Kenneth Richardson, respondent's director of certificated personnel, is substantial evidence that appellant knew from the time she entered into her employment contract that she was a temporary employee.

The reference to section 13329 in the employment contract, despite its inapplicability in the circumstances, clearly indicated that appellant was not entitled to probationary status. Moreover, she received an oral explanation when she was hired that she was only a temporary teacher. She was never led to believe thereafter that the terms of her employment were changed from a temporary to a probationary status.

3. *Appellants are guilty of laches and are estopped from claiming probationary classification.*

The court below held that by waiting until April 1, 1976, to make her claim to probationary status, appellant foreclosed the respondent from giving her the dismissal notice which must be given probationary employees pursuant to section 13443 and that respondent had detrimentally relied on her acceptance of her temporary employment status under the terms of her contract.

■ Appellant contends that despite her clear designation as a temporary employee, albeit under the inapplicable section 13329, "she would not reasonably have known that she had any entitlement to probationary status until after she had an opportunity to consult with an attorney," which she did after receiving a termination notice on March 10, 1976. She promptly filed a grievance thereafter.

Respondent argues that appellant cannot now claim ignorance of the terms of her employment or be relieved of her obligation to raise the issue with respondent before April 1, 1976, having entered into a written contract for temporary employment and having had the implications of

hired without the rights normally accorded to probationary employees . . . .

"At the time I agreed to accept the position . . . I understood my status to be that of a probationary certificated employee based upon Mr. Richardson's statements that there was a chance that I would not be re-hired. . . ."

her status explained to her when she accepted those terms of employment.

With such information, appellant had the duty to raise the issue of her employment status with respondent in a timely manner. To hold otherwise would permit her to impeach the terms of her employment, to deny its obvious implications, and to make no objection until almost six months later to the detriment of respondent. By the date of her grievances, April 1, 1976, it was obviously too late for respondent to give her the nonreemployment notice required by March 15, pursuant to sections 13442 and 13447.

In denying a probationary teacher's petition for a writ of mandate for reinstatement, the court in *French* v. *Board of Education,* 265 Cal.App.2d 955, 957 [71 Cal.Rptr. 713], held that " ' "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." ' " In the case at bar, respondent relied in good faith and to its detriment on appellant's acceptance of the terms of her contract. She knew that she was employed temporarily subject to the continued availability of the special funds. She knew that if those funds were not renewed for the next school year she could be terminated without receiving the regular probationary notice of dismissal. Yet she failed to object to her status as a temporary employee until almost six months later when respondent could not comply with the probationary notice requirements.

This constituted an unreasonable and unjustifiable delay in asserting appellant's claims, and it prejudiced the respondent. The court below properly held appellant was guilty of laches and estopped from asserting her claim to probationary status. Both parties shall bear their own costs on appeal.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

The petition of the plaintiffs and appellants for a hearing by the Supreme Court was denied February 22, 1978.