[Civ. No. 51090. Second Dist., Div. Five. Apr. 6, 1978.]

CALIFORNIA TEACHERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
PASADENA UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

## COUNSEL

Schwartz, Steinsapir, Dohrmann & Krepack, Laurence D. Steinsapir and Howard M. Knee for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Donovan M. Main, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**ASHBY, J.**—Appellants are an employee organization and various teachers who sought a writ of mandate to compel respondents school district and board of education to reemploy the teachers for the 1976-1977 school year. The trial court denied the petition as to all appellants.

The matter was submitted to the trial court upon the verified pleadings and exhibits and depositions. No findings of fact and conclusions of law were requested. ■ In the absence of findings, every intendment is in favor of the judgment and it is presumed that every fact or inference essential to support the order and warranted by the evidence was found by the trial court. (*Coffey* v. *Governing Board,* 66 Cal.App.3d 279, 289 [135 Cal.Rptr. 881].) Since appellants sought the writ of mandate, they of course bore the burden of proving they were entitled to it. (*Id.,* at p. 288.) We hold that appellants did not sustain that burden and therefore we affirm.

Appellants are divided into two groups: (1) temporary teachers and (2) children's center teachers.

## Temporary Teachers

Appellants Farrell, King, and Richardson were classified as temporary teachers during the 1975-1976 school year. Farrell and King were hired in the fall of 1975. They replaced regular teachers on leaves of absence during both the fall and spring semesters. Appellant Richardson was employed in February 1976 replacing a regular teacher on leave of absence for the spring semester.

The authority for hiring and classifying temporary teachers is found in Education Code section 13337.3 which provides:

"Notwithstanding the provisions of Sections 13336 and 13337, *the governing board of a school district may employ as a teacher, for a complete school year, but not less than one semester during a school year,* unless the date of rendering first paid service begins during the second semester and prior to March 15th, *any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees during a particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.*

"Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a vacant position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status.

"For purposes of this section 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a permanent or probationary employee. It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave." (Italics added.)[1]

---

[1] Unless otherwise indicated all section references are to the Education Code existing prior to the reorganized Education Code operative April 30, 1977. (See Stats. 1976, ch. 1010, as amended by Stats. 1976, ch. 1011.)

These appellants contend there was an irregularity in the manner in which they were classified as temporary employees for the 1975-1976 school year, and that therefore they actually acquired the status of probationary employees. Whereas temporary teachers may be summarily released (§§ 13445, 13446; *Balen v. Peralta Junior College Dist.,* 11 Cal.3d 821, 826 [114 Cal.Rptr. 589, 523 P.2d 629]), probationary employees are entitled to certain notice and hearing procedures in the event of a decision not to reemploy them (§ 13443). Since respondents in determining whether to reemploy appellants treated appellants as temporary rather than probationary employees,[2] the result, say appellants, is that the failure to accord them pretermination rights makes them deemed reemployed as probationary employees. (See § 13443, subd. (h).) These contentions are without merit.

The board reports authorizing appellants' hiring provided that they be hired under temporary employment contracts (referred to as TEC in the reports). The actual employment contracts are not in the record, but it must be presumed in support of the judgment that appellants were duly notified of the nature of their employment at the time. (See § 13335.)

Appellants' argument runs as follows: A list was drawn up by the personnel office in the spring of 1976, apparently for this litigation, showing the regular teachers on leave of absence whom appellants replaced. It is argued that this proves that the board did not determine, at the time of hiring, that appellants were needed to replace teachers on leave, as required by section 13337.3.

The evidence fails to prove appellants' conclusion. That a list was subsequently drawn up for this litigation does not prove that at the time of appellants' hiring the board did not anticipate the need for temporary teachers to replace teachers who would be on leaves of absence.

Furthermore, respondents showed that appellants did in fact replace regular teachers on leaves of absence.[3] Respondents made an even

---

[2] Actually, King was offered reemployment as a temporary teacher and turned it down. Farrell was not reemployed because he lacked a valid teaching credential for 1976-1977. Richardson was not reemployed, having taught for less than 75 percent of the days school was in session. (See § 13336.5.)

[3] In the board report authorizing Richardson's hiring, the phrase "increase in enrollment" appears after the designation "TEC" and "Allendale Primary." It was explained in the depositions, however, that this only meant Richardson was transferred to Allendale due to an increase in enrollment at that school; and that the teacher whom

stronger showing than was found sufficient to uphold temporary teacher classifications in *Paulus* v. *Board of Trustees,* 64 Cal.App.3d 59, 62-63 [134 Cal.Rptr. 220]; *American Federation of Teachers* v. *Board of Education,* 77 Cal.App.3d 100, 106-108 [143 Cal.Rptr. 264]; and *Santa Barbara Federation of Teachers* v. *Santa Barbara High Sch. Dist.,* 76 Cal.App.3d 223, 231-234 [142 Cal.Rptr. 749].

Appellants did not sustain their burden of proving they were improperly classified as temporary teachers, and the trial court properly denied the writ of mandate.

## CHILDREN'S CENTER TEACHERS

■ Appellants Bruggere, DeVaughn, Foster, Igarashi, Johnson, and Lewis were employed as children's center teachers in 1975-1976. In May 1976 they were notified they were being laid off June 30 for lack of work and lack of funds. They contend that they should have been accorded the right to a hearing on whether there was cause not to reemploy them in 1976-1977.

The children's centers are part of a special program designed to provide an integrated plan for the care and development of children in the absence of their parents, work and educational activities for parents by providing supervision of their children, and a comprehensive system of child development services for prekindergarten and school age children and their parents. (See § 16701 et seq.)

Prior to 1959, children's center teachers were noncertificated employees. In 1959 the Legislature enacted former section 16626 which deemed certain positions to require certification qualifications, and this requirement was carried forward in the successor statute, section 16766, enacted in 1972. Appellants have been employed in such positions for varying lengths of time.[4]

---

Richardson replaced would also have been transferred to Allendale if she had not gone on leave of absence.

[4]Foster since the fall of 1969; Igarashi and Johnson since the fall of 1971; Lewis since the fall of 1972; Bruggere since the spring of 1974; and DeVaughn since the spring of 1975.

Section 16766 provides:

"Each person employed by a school district in a position requiring a children's center permit for the supervision and instruction of children, or for service as a physician, dentist, or nurse, or in the supervision of the children's center program, shall be deemed to be employed in a position requiring certification qualifications.

"Each other person employed by a district in a children's center under the provisions of this division shall be deemed for all purposes, including retirement, to be a person employed by the school district in a position not requiring certification qualifications.

"The provisions of Section 13525 or Section 13526 of the Education Code, as enacted by the Legislature at its 1959 Regular Session, shall not apply to employees in children's centers.

"*A district may lay off an employee required to have such a permit at any time during the school year for lack of work or lack of funds or may provide for his employment for not to exceed 90 days in any one school year on an intermittent basis which shall not be deemed probationary service. The order of layoff shall be determined by length of service. The employee who has served the shortest time shall be laid off first, except that no permanent employee shall be laid off ahead of a probationary employee. A permanent employee who has been laid off shall hold reinstatement rights for a period of 39 months from the date of layoff.* Service performed prior to the effective date of Chapter 2 of the Statutes of 1959 shall not be included in computing the service required as a prerequisite for attainment of, or eligibility to, classification as a permanent children's center employee.

"A person who is employed by a district as a probationary employee in a position requiring a children's center permit for the supervision and instruction of children, or for service as a physician, dentist, or nurse, or in the supervision of the children's program and who has served in such a position for three complete consecutive school years as defined in Sections 13328 and 13464 of the Education Code, immediately prior to the effective date of Chapter 2 of the Statutes of 1959 may be dismissed only in accordance with the provisions of Section 13444.

"Other persons who are employed as probationary employees in positions requiring such permits on or after the effective date of Chapter

2 of the Statutes of 1959 may be dismissed in accordance with the provisions of Section 13443." (Italics added.)

Appellants contend that they were entitled to a hearing upon being laid off for lack of work and lack of funds. Nothing in section 16766 specifically provides for a hearing for such layoffs.

Appellants argue that since they are certificated employees they should have the same rights as regular teachers. The trouble with their argument is that they point to no section of the code which deals with the rights of regular certificated employees concerning "layoff for lack of work or lack of funds."

The only provision we have found which contains similar language is section 13746 which authorizes layoff of *classified* employees for lack of work or lack of funds. Such layoffs do not require a hearing. (*California Sch. Employees Assn.* v. *Pasadena Unified Sch. Dist.,* 71 Cal.App.3d 318, 323 [139 Cal.Rptr. 633].) Another court has noted, in dictum, that "the procedure for laying off a certified children's center employee is similar to procedures for laying off the classified employee . . . ." (*Rutherford* v. *Board of Trustees,* 64 Cal.App.3d 167, 180 [134 Cal.Rptr. 290].)

Respondents concede that appellants have the same right as regular permanent and probationary certificated employees when terminated for cause (see §§ 13403, 13403.5, 13442, 13443, 13447) and that if appellants had been so terminated, the pertinent notice and hearing procedures (see §§ 13404-13413, 13443, 13447) would be applicable. Respondents contend, however, that such procedures are not applicable to layoffs for lack of work or lack of funds. We find this contention persuasive.

First, the Legislature used the same specific language in section 16766, layoff for lack of work or lack of funds, as used in section 13746, which grants no right to a hearing. (*California Sch. Employees Assn.* v. *Padena Unified Sch. Dist., supra,* 71 Cal.App.3d 318.) As pointed out, we have found no counterpart to such language in the provisions relating to regular certificated employees.

Second, the manner in which the children's centers are funded suggests that the Legislature did not intend such layoffs to be encumbered by a hearing procedure. These centers are not financed out of the regular district budget but by state and federal funds appropriated

specifically for the purpose, and fees received in the operation of the centers. (See §§ 16740-16751, 16780-16784.)[5] This suggests that the Legislature envisioned possible funding problems which might require layoffs, and is persuasive that in failing to provide specifically for such hearings in section 16766 itself, the Legislature intended that no hearing be required.

Appellants disclaim any reliance on the substantive provisions of section 13447. That section authorizes reducing the number of certificated employees in a district in the event of (1) a decline in average daily attendance or (2) a decision to reduce or discontinue a particular kind of service. Section 13443, subdivision (d), provides that "cause" includes "termination of services for the reasons specified in Section 13447." It might be argued that layoff for lack of work or lack of funds should be analogized to the reasons found in section 13447, and that therefore the notice and hearing procedures of section 13443 should apply. As already stated, however, the specific language of section 16766 and the nature of the children's center funding suggest otherwise.

We conclude that appellants were laid off for lack of work or lack of funds pursuant to section 16766 and were not entitled to the notice and hearing provisions of section 13443. The trial court properly denied the writ of mandate.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

---

[5]Section 16749 provides:

"The governing board of any school district or the county superintendent of schools shall establish in the county treasury a fund to be known as the 'child development fund' into which shall be paid all funds received by the district or the county for, or from the operation of, child development services under this division. The costs incurred in the maintenance and operation of child development services shall be paid from the fund, with accounting to reflect specific funding sources.

"No other funds of a district derived from the receipt of district taxes or derived from moneys apportioned to the district for the support of schools thereof, except state moneys appropriated for the support of child development services, fees, and federal funds, may be expended for, or in connection with child development services."