[Civ. No. 55620. Second Dist., Div. Two. July 16, 1979.]

JULIE STEINBERG, Plaintiff and Appellant, v.
LOS ANGELES CITY UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

438

## COUNSEL

Trygstad & Odell, Lawrence B. Trygstad and Richard J. Schwab for Plaintiff and Appellant.

John H. Larson, County Counsel, and Richard K. Mason, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**ROTH, P. J.**—The facts in this matter are not in dispute. They are that appellant was employed by respondent Los Angeles City Unified School District (the District) from 1971 as an hourly rate adult education school teacher at an average of 25 hours per week. Since 1950, respondent, the Los Angeles City Board of Education (the Board) has operated under its resolution whereby a "full-time assignment" for tenured, or permanent, teachers consists of 20 hours per week. Appellant sought by petition for writ of mandate to compel respondents to assign her 25 hours per week as a permanent employee. Based upon its practices under the resolution, respondents declined to comply. The trial court rendered judgment in respondents' favor upon its conclusions:

"1. That Education Code § 44887 (formerly § 13309) has provided, at all times relevant to the petition and in pertinent part, as follows:

"When a teacher of classes for adults serves sufficient probationary time as provided in Sections 44882 to 44885 and 44908 to be eligible for election to permanent classification in that district, his tenure shall be for such service as is equivalent to the average number of hours per week which he has served during his probationary years. In no case shall such an employee be classified as permanent for more than one full-time assignment. . . .

"2. That Board Rule 3214, which defines a full-time assignment as twenty hours per week, is a lawful and reasonable exercise of the Respondent Board of Education's rule-making power.

"3. That Petitioner STEINBERG's tenure with the Respondent School District is as a full-time hourly rate adult education teacher at twenty hours per week.

"4. That Petitioner STEINBERG does not have any tenure right under Education Code § 44887 for more than a twenty hour per week assignment.

"5. That there has been no abuse of discretion on the part of Respondents.

"6. That judgment be entered accordingly."

We are asked, as was the trial court, whether there is any conflict between the statutory provision cited[1] and the Board's rule defining a full-time assignment. Put another way, we are asked whether the rule is consistent with the statute and is itself a reasonable exercise of the Board's rule-making power. Resolution of the question, in our view, depends solely on the proper interpretation to be accorded the qualification *"In no case shall such an employee be classified as permanent for more than one full-time assignment."*

Appellant urges the proviso goes only so far as to proscribe "dual tenure," such as would be involved were a tenured teacher of nonadults also employed within the adult education program. In her view the qualification otherwise has nothing to do with and leaves untouched the language immediately preceding it, which, then, upon its face, clearly requires the result she seeks and does not permit of its infringement by any regulation promulgated by the Board. Respondents on the other hand maintain the qualifying sentence and the one before it are to be

---

[1] The section provides en toto: "When a teacher of classes for adults serves sufficient probationary time as provided in Sections 44882 to 44885 and 44908 to be eligible for election to permanent classification in that district, his tenure shall be for such service as is equivalent to the average number of hours per week which he has served during his probationary years. In no case shall such an employee be classified as permanent for more than one full-time assignment. The service for which such a person has acquired tenure may be reduced in conformity with Sections 44955 and 44956.

"Notwithstanding any other provision to the contrary, in a district which has, or in a district which is one of two or more districts governed by governing boards of identical personnel which have a combined average daily attendance of 400,000 or more, as shown by the annual report of the county superintendent of schools for the preceding fiscal year, no person who is assigned 10 hours or less a week in adult classes in such a district shall be eligible for election to permanent classification in such district on account of such assignment in adult classes.

"Notwithstanding any other provision to the contrary, any person who is employed to teach adults for not more than 60 percent of the hours per week considered a full-time assignment for permanent employees having comparable duties shall be classified as a temporary employee, and shall not become a probationary employee under the provisions of Section 44954."

understood as referring to the manner in which the extent of tenure of an adult education teacher is calculated, are inextricably related on that question only and together are meant to say tenure will be earned in accordance with average hours served, *limited by* that number of hours which is set by reasonable regulation as constituting "one full-time assignment."

■ We accept the proposition reiterated in *Kamin* v. *Governing Board* (1977) 72 Cal.App.3d 1014 [139 Cal.Rptr. 853] and *Middaugh* v. *Board of Trustees* (1975) 45 Cal.App.3d 776 [119 Cal.Rptr. 826] that tenure is *vested* by reference to applicable state law independently of any administrative discretion. ■ We likewise adhere to the precepts that: "In proceeding with the task of interpretation at hand we are aided by certain general principles of statutory construction. As stated by this court in *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222 [110 Cal.Rptr. 144, 514 P.2d 1224], at page 230: 'We begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 627].) In determining such intent "[t]he court turns first to the words themselves for the answer." (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1], cert. den. 340 U.S. 879 [95 L.Ed. 639, 71 S.Ct. 117].) ■ We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them." (*In re Alpine* (1928) 203 Cal. 731, 737 [265 P. 947, 58 A.L.R. 1500]; . . . "When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear." (*Johnstone* v. *Richardson* (1951) 103 Cal.App.2d 41, 46 [229 P.2d 9]; see also *West Pico Furniture Co.* v. *Pacific Finance Loans* (1970) 2 Cal.3d 594, 608 [86 Cal.Rptr. 793, 469 P.2d 665].)' " (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658-659 [147 Cal.Rptr. 359, 580 P.2d 1155].)

■ Application of these principles to the matter at hand leads us to the conclusion the better understanding of Education Code section 44887 is that, while it requires the recognition of tenure earned through service in a probationary status, it also places an upper limit upon the extent to which an adult education teacher may be classified as permanent, consistent with a reasonable definition arrived at by the Board and promulgated by its regulation as to what is a full-time assignment. We are thus persuaded not only by the apparent meaning of the words used in the context in which they appear, but also by the further language of the

section contained in its final paragraph that ". . . any person who is employed to teach adults for not more than 60 percent of the hours per week *considered a full-time assignment* for permanent employees having comparable duties shall be classified as a temporary employee . . ." (see fn. 1) (italics supplied), which in our view sufficiently shows that while the definition of the term "full-time assignment" is not contained in the statute it is, nevertheless, intended, when otherwise defined, to constitute a measure whereby the statute's other provisions are delimited. So understood, it follows what is considered a full-time assignment is left to the determination of the Board, within its reasonably exercised discretion. Here that determination was that 20 hours within the classroom was an acceptable measure for a teacher's full-time effort and there is nothing in the record nor otherwise apparent which would suggest the determination is unreasonable.

Moreover, it would appear the issue of dual tenure as suggested by appellant is one specifically dealt with in Education Code section 44890 which in pertinent part provides: "Nothing in Sections 44882 to 44885, inclusive, shall be construed to give permanent classification to a person in the adult school who is already classified as a permanent employee in the day school. . . ." (See also Ed. Code, § 44889.)

Appellant's further claims that there is a constitutionally invidious discrimination inherent in the Board's rule as compared to full-time assignments given teachers other than adult education teachers, that she was deprived of due process by failure of the Board adequately to provide her with notice her tenure would be restricted to 20 hours and that respondents are estopped to assert that limitation were, so far as the record discloses, not urged before the trial court and are not cognizable here. (See *Jenner* v. *City Council* (1958) 164 Cal.App.2d 490 [331 P.2d 176].)

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied August 15, 1979, and appellant's petition for a hearing by the Supreme Court was denied September 12, 1979.