[Civ. No. 41279. First Dist., Div. Four. Apr. 17, 1978.]

HARRIET LEVY, Plaintiff and Appellant, v.
SAN FRANCISCO UNIFIED SCHOOL DISTRICT,
Defendant and Respondent.

**COUNSEL**

Van Bourg, Allen, Weinberg & Roger and Stewart Weinberg for Plaintiff and Appellant.

Thomas M. O'Connor and George Agnost, City Attorneys, and Daniel E. Collins III, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**CHRISTIAN, J.**—Harriet Levy appeals from a judgment denying a writ to compel respondent San Francisco Unified School District to recognize appellant as a permanent employee and pay her for such service.

Appellant was first employed by respondent district in the fall of 1969 as a day-to-day substitute, filling in for teachers at several schools in the district. Effective February 16, 1970, through June 30, 1970, appellant was assigned as a long-term substitute in place of Michael Lyons. Lyons held both a general secondary and a pupil services credential and had been designated as acting dean of boys at Woodrow Wilson High School. Appellant taught subjects (mathematics and girls' physical education) which Lyons, under his general secondary credential, was qualified to teach. This assignment of appellant expired at the close of the school year on June 30, 1970.

In the fall of 1971, appellant again served as a day-to-day substitute in various teaching assignments. In the spring semester of 1972, appellant served as a long-term substitute, teaching classes which had been taught by Adolphus Bush, who had been assigned to another teaching position

in the same school. But the trial court found, on substantial evidence, that appellant's appointment as a long-term substitute, when authorized by the governing board, was in place of Dana Colton, who was on leave from teaching because of personal business.

In the spring of 1973, appellant served as a long-term substitute at Presidio Junior High School in place of Beatrice Brooks, who was on leave of absence.

In the 1973-1974 school year, appellant was appointed as a long-term substitute at Woodrow Wilson Junior High in place of Timothy Aaronson, who was on leave to travel.

In 1974, appellant left the field of teaching to take up other employment.

■ Appellant contends that she should have been classified as a probationary teacher, entitled to the rights accorded to probationary employees under Education Code section 13443,[1] when she was employed in 1970 in place of Michael Lyons. The argument is that appellant should not have been classified as a substitute because Lyons was not "absent from service" as contemplated by section 13336.[2] Appellant points out that section 13336 permits treatment as "substitute employees" of those persons employed "to fill positions of regularly employed persons absent from service" and contends that, since appellant was hired in place of Michael Lyons who was not absent from the service of the district but had been transferred to the counseling office, appellant was not a substitute but was, in fact, a probationary employee, and that she could not waive that status by signing a contract as a substitute employee. (See § 13338.1; *Campbell* v. *Graham-Armstrong* (1973) 9 Cal.3d 482 [107 Cal.Rptr. 777, 509 P.2d 689].)

A substitute teacher "by definition is one who fills a position of a regular employee absent from service." (*Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist.* (1974) 37 Cal.App.3d 35, 43 [112 Cal.Rptr. 27].) The phrase "absent from service" is not defined in the statute. Appellant would argue that "absent from service" should be construed as "on leave of absence from the school

---

[1] All statutory references are to the Education Code unless otherwise noted.

[2] In 1970 section 13336 read as follows: "Governing boards of school districts shall classify as substitute employees those persons employed in positions requiring certification qualifications, to fill positions of regularly employed persons absent from service."

district." The construction proposed by appellant would have the effect of making it difficult for a school district to offer a tenured teacher a temporary assignment as an administrator; to do so would always entitle the person who filled in behind the temporarily assigned teacher to rights as a probationary employee, thus threatening to cause a redundancy of staff if the teacher were to return to his prior assignment. No reason has been suggested why the Legislature should have intended to create such an inhibition against the temporary promotion or administrative assignment of teachers.

The term "absent from service" has received a contrary administrative construction by respondent as follows: "When a person is away from the job that he normally holds. An example, if a person is promoted to a substitute principal position, we must hold the position for him as a teacher because he would return the next year. So he would be absent from service from his teaching position." Section 13336 is reasonably susceptible of the construction adopted by respondent, i.e., that a school district may classify as a substitute employee one who fills a position of a teacher who has been removed temporarily from his normal classroom assignments to perform administrative duties. Under this interpretation, which we adopt, Michael Lyons was "absent from service" in the spring of 1970 and appellant was properly classified as a substitute employee. Appellant thereafter continued to be properly classified as a substitute employee because she served as either a day-to-day substitute at various schools or as a long-term substitute for teachers who were on leaves of absence from the district. (See *Santa Barbara Federation of Teachers* v. *Santa Barbara High Sch. Dist.* (1977) 76 Cal.App.3d 223 [142 Cal.Rptr. 749].)

The judgment is affirmed.

Caldecott, P. J., and Wilson, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 15, 1978.

---

*Assigned by the Chairperson of the Judicial Council.